# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES DECKER and KAY DECKER,

Plaintiffs-Appellants,

v

TRUX R US, INC.,

Defendant,

and

AUTO OWNERS INSURANCE COMPANY,

Garnishee Defendant-Appellee.

FOR PUBLICATION
October 28, 2014
9:00 a.m.

No. 316479
Oakland Circuit Court
LC No. 2007-086261-NI

Before: RIORDAN, P.J., and CAVANAGH and TALBOT, JJ.

RIORDAN, J.

In this garnishment action, plaintiffs James and Kay Decker appeal as of right orders denying their motion to extend discovery and granting summary disposition in favor of garnishee defendant, Auto Owners Insurance Company. We affirm.

## I. FACTUAL BACKGROUND

In October 2007, plaintiffs filed a lawsuit against defendant, Trux R Us, Inc., arising out of injuries plaintiff James Decker sustained at a construction site when he was run over by a bulldozer.

In May 2008, Auto Owners, the insurer for Trux R Us, brought a declaratory action seeking a judgment that it had no duty to defend or indemnify Trux R Us with regard to the Deckers' claims. The Deckers were not named as parties to the declaratory action. On August 27, 2008, a default judgment was entered in favor of Auto Owners after Trux R Us failed to respond to the lawsuit. On September 18, 2008, plaintiffs' counsel was advised about this declaratory action and was provided a copy of the default judgment. In December 2008, a motion by Trux R Us to set aside the default judgment was denied and, because it was untimely, on April 8, 2009, this Court granted Auto Owners' motion to dismiss the claim of appeal filed by Trux R Us. *Auto Owners Ins Co v Trux R Us, Inc*, unpublished order of the Court of Appeals, entered April 8, 2009 (Docket No. 290421).

-1-

In September 2009, plaintiffs and Trux R Us entered into a consent judgment in the amount of $2,250,000. At the June 2009 hearing in that regard, plaintiffs' counsel advised the trial court that the consent judgment was subject to an agreement which included that plaintiffs would not execute the judgment against assets of Trux R Us, but would seek insurance proceeds from a policy issued by Auto Owners to Trux R Us.

On February 13, 2013, plaintiffs filed a request and writ for non-periodic garnishment in the amount of the consent judgment, naming Auto Owners as the garnishee of Trux R Us.

On February 21, 2013, Auto Owners filed its garnishee disclosure which indicated that it was not indebted to Trux R Us for any amount and did not possess or control any of its property. The reasons provided by Auto Owners in support of its denial included that: (1) the insurance policy excluded coverage because James Decker was an employee of Trux R Us and was injured in the course of his employment, (2) Trux R Us violated a condition of the policy by entering into a consent judgment with plaintiffs, (3) the question of insurance coverage had been previously litigated and resulted in a judgment in favor of Auto Owners, and (4) the doctrine of laches prevented plaintiffs from proceeding.

On April 4, 2013, Auto Owners filed a motion for summary disposition of the garnishment proceeding. Auto Owners argued that plaintiffs' failure to contest its garnishee disclosure by filing discovery requests under MCR 3.101(L)(1) caused the facts stated in the disclosure to be accepted as true as provided by MCR 3.101(M)(2); therefore, the motion for summary disposition should be granted and the writ of garnishment dismissed with prejudice.

Plaintiffs responded to Auto Owners' motion, arguing that the motion for summary disposition should be denied because the garnishee disclosure provided only erroneous legal conclusions and not factual statements in support of its denial of liability to Trux R Us. In particular, plaintiffs argued that whether *res judicata* applied presented a legal issue and, in this case, did not apply. Further, they contend, insurance policy interpretation is a legal issue and, under the policy terms, James Decker was an employee of Bell Site Services, not Trux R Us. Moreover, because Auto Owners obtained a default judgment against Trux R Us before the consent judgment was entered, any "consent" condition in Auto Owners' policy was not operative at the time the consent judgment was entered. Accordingly, plaintiffs argued, Auto Owners was not entitled to summary disposition of this garnishment proceeding.

Auto Owners filed a reply to plaintiffs' response, arguing that plaintiffs' failure to initiate discovery within 14 days of receiving the garnishment disclosure resulted in Auto Owners' statement of nonliability to be deemed admitted; thus, "everything else is irrelevant." But, in any case Auto Owners argued, plaintiffs' challenges to the reasons set forth in the disclosure are without merit.

On April 10, 2013, pursuant to MCR 3.101(T), plaintiffs filed a motion to extend the time to serve written interrogatories on Auto Owners. Plaintiffs argued that the trial court had discretion to allow the requested extension of the discovery deadline set forth in MCR 3.101(L)(1). Plaintiffs explained that discovery was not sought in this matter because they viewed Auto Owners' disclosures as legal conclusions and were preparing a motion for summary disposition in this matter. Plaintiffs noted that, in cases involving discovery admissions under

MCR 2.312, parties may be allowed to amend or withdraw an admission when the severity of the sanction outweighs the equities involved in the matter. Further, MCR 1.105 provides that the Michigan Court Rules should be construed "to avoid the consequences of error that does not affect the substantial rights of the parties." Plaintiffs attached a set of proposed interrogatories that they would serve on Auto Owners if the court granted their motion.

Auto Owners responded to plaintiffs' motion, arguing that the trial court did not have discretion to extend the time in which discovery could be initiated after the 14 days provided in MCR 3.101(L)(1) expired. That is, MCR 3.101(M)(2), provides: "The facts stated in the disclosure must be accepted as true unless the plaintiff has served interrogatories or noticed a deposition within the time allowed by subrule (L)(1) . . . ." Accordingly, plaintiffs were impermissibly requesting the court to set aside the admissions made by plaintiffs as a consequence of their failure to request discovery.

The trial court first issued a decision on plaintiffs' motion to extend discovery and agreed with Auto Owners, holding that because plaintiffs failed to initiate discovery within 14 days after service of the garnishee disclosure as required by MCR 3.101(L)(1), the facts set forth in the disclosure were accepted as true. The court noted that plaintiffs waited over three years to attempt to collect the debt and, to the extent plaintiffs were attempting to set aside the garnishee disclosure, no good cause was shown. Accordingly, the trial court entered an order denying plaintiffs' motion to extend the time to serve interrogatories on Auto Owners.

Subsequently, the court issued its decision on Auto Owners' motion for summary disposition holding that, because the facts stated by Auto Owners in its disclosure must be accepted as true and Auto Owners stated that it was not indebted to Trux R Us for any amount, summary disposition was appropriate under MCR 2.116(C)(6), (7), (8), and (10). Plaintiffs now appeal.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

We review *de novo* a trial court's decision granting a motion for summary disposition. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). We review for an abuse of discretion a trial court's decision regarding a motion to extend discovery. *Shinkle v Shinkle (On Rehearing)*, 255 Mich App 221, 224; 663 NW2d 481 (2003). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

### B. ANALYSIS

At issue in this case is the interplay between the different subrules of MCR 3.101, which provide:

> (L) Steps After Disclosure; Third Parties; Interpleader; Discovery.
>
> > (1) Within 14 days after service of the disclosure, the plaintiff may serve the garnishee with written interrogatories or notice the deposition of the

garnishee. The answers to the interrogatories or the deposition testimony becomes part of the disclosure.

\*\*\*

(M) Determination of Garnishee's Liability.

\*\*\*

(2) . . . The facts stated in the disclosure must be accepted as true unless the plaintiff has served interrogatories or noticed a deposition within the time allowed by subrule (L)(1) or another party has filed a pleading or motion denying the accuracy of the disclosure. Except as the facts stated in the verified statement are admitted by the disclosure, they are denied. Admissions have the effect of admissions in responsive pleadings. . . .

\*\*\*

(T) Judicial Discretion. On motion the court may by order extend the time for:

(1) the garnishee's disclosure;

(2) the plaintiff's filing of written interrogatories;

(3) the plaintiff's filing of a demand for oral examination of the garnishee;

(4) the garnishee's answer to written interrogatories;

(5) the garnishee's appearance for oral examination; and

(6) the demand for jury trial.

The principles of statutory construction apply to the interpretation of the Michigan Court Rules. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). Thus, we look to "the plain language of the court rule in order to ascertain its meaning" and the "intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Id.* "If the rule's language is plain and unambiguous, then judicial construction is not permitted and the rule must be applied as written." *Jenson v Puste*, 290 Mich App 338, 342; 801 NW2d 639 (2010). Moreover, "[i]f we can construct two rules so that they do not conflict, that construction should control." *Costa v Community Emergency Med Services, Inc*, 263 Mich App 572, 584; 689 NW2d 712 (2004) (quotations marks and citation omitted).

As noted *supra*, on February 21, 2013, Auto Owners filed its garnishee disclosure. Plaintiffs then had the option of how to proceed. They could have, but did not, pursue discovery. Under MCR 3.101(L)(1), "the plaintiff may serve the garnishee with written interrogatories or notice the deposition of the garnishee." Here, plaintiffs failed to serve Auto Owners with written interrogatories or notice of depositions. Thus, pursuant to MCR 3.101(M)(2), "[t]he facts stated

-4-

in the disclosure must be accepted as true unless the plaintiff has served interrogatories or noticed a deposition within the time allowed by subrule (L)(1) . . . ."

Consistent with canons of statutory construction, we apply the plain meaning of court rules. *Henry*, 484 Mich at 495. The plain language of MCR 3.101(L) and (M) commands that when a plaintiff fails to request discovery, the statements in the garnishee disclosure "*must be*" accepted as true. The language of the court rule is mandatory, and plainly requires the trial court to accept the statements in the garnishee disclosures as true. To read the court rule otherwise ignores this plain language, thereby violating the maxim of avoiding "construing a court rule in a manner that results in a part of the rule becoming nugatory or surplusage." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 484; 633 NW2d 440 (2001).

Further, even if there is a conflict between a general provision in a statute and a specific provision, the latter controls. *Duffy v Michigan Dep't of Natural Resources*, 490 Mich 198, 208; 805 NW2d 399 (2011); *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994) ("where a statute contains a general provision and a specific provision, the specific provision controls"). MCR 3.101(M)(2) specifically states that when a plaintiff fails to serve interrogatories or notices a deposition within the 14 days allowed by subrule (L)(1), the statements in the garnishee's disclosure must be accepted as true. Plaintiffs' proposed reasoning somehow extrapolates from (L)(1)'s specific 14 day time period an extension of almost 50 days, or as long as a motion is filed at some point. This interpretation improperly disregards the requirements of MCR 3.101 and cuts against the dictate that we are required to apply the more specific terms of (L)(1) over the more general provision of subrule (T)(2).

We also find that any conflict between MCR 3.101(L) and (T) is not irreconcilable. While subsections (L) and (M) provide a deadline for when a plaintiff must "serve" the interrogatories or notice a deposition, subsection (T) deals with extending the time for the actual "filing" of written interrogatories and demand for oral examination of the garnishee. A harmonious reading of this subrule is that the trial court can exercise its discretion to extend discovery as long as plaintiff has complied with MCR 3.101(M)(2). See *Henry*, 484 Mich at 495 (court rules are read as a harmonious whole). Because this interpretation avoids a conflict between the provisions, it controls. See *Costa*, 263 Mich App at 584 ("[i]f we can construct two rules so that they do not conflict, that construction should control."). With this interpretation, both statutory provisions are left with independent operations and neither is rendered nugatory.

Also relevant is that the trial court *did* exercise its discretion in this case, and declined to extend discovery under MCR 3.101(T). Almost 50 days after the garnishee disclosure, plaintiffs filed a motion to extend discovery. The trial court denied the motion, stating that while plaintiffs sought to extend discovery, that did not erase the fact that the admissions were accepted as true, and there was no good cause to set them aside. While the trial court used the term "good cause," there is no indication that it was under some type of misunderstanding or misreading of the court rule. Rather, the trial court was doing just what MCR 3.101(T) instructed, namely using its "Judicial Discretion." Moreover, MCR 3.101(M)(2) provides that admissions in the garnishee disclosure have the same effect as admissions in responsive pleadings. Admissions do not simply disappear with the passage of time or the filing of a motion to extend discovery.

Plaintiffs' argument that the garnishee disclosure provided only erroneous legal conclusions, rather than factual statements, simply is not true. In the garnishee disclosure, Auto Owners alleged the following:

> Garnishee is not indebted to the Defendant for any amount and does not possess or control Defendant's property for the reasons that: (1) the insurance policy issued to Trux R Us excludes coverage for injuries to Decker because he was an employee and injured in the course of his employment; (2) the insurance policy provides no coverage because Trux R Us violated the conditions section of the policy which prohibits settlement (consent judgment) without the written agreement of the insurer; (3) the question of coverage was previously litigated between Trux R Us and Auto-Owners and judgment was entered in favor of Auto-Owners with a finding of no coverage and, because Plaintiffs stand in the shoes of Trux R Us for purposes of the garnishment, Plaintiffs are also precluded from proceeding under doctrines of res judicata and collateral estoppel; and (garnishee and or debtor are precluded from proceeding under the doctrine of laches[)].

As evident from this paragraph, Auto Owners did offer factual allegations, namely, that under the facts of this case, the insurance policy excluded coverage and that the prior litigation foreclosed garnishment.

## III. CONCLUSION

Accordingly, the trial court properly granted summary disposition to defendant. We affirm.

/s/ Michael J. Riordan
/s/ Michael J. Talbot

-6-