*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

HEIDI MARIE GUMBLETON, Individually and on Behalf of Herself and All Others Similarly Situated,

UNPUBLISHED
September 24, 2019

Plaintiff-Appellant,

v

No. 342025
Oakland Circuit Court
LC No. 2017-157734-CZ

VILLAGE OF HOLLY,

Defendant-Appellee.

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

In this dispute regarding the use of government funds, plaintiff Heidi Marie Gumbleton, in her individual and representative capacity, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant Village of Holly. Finding no errors, we affirm.

Plaintiff owns a home in the Village of Holly (the Village) for which she received water and sewer services provided by the Village and which bills she paid. In addition to usage fees, the Village charged all users two mandatory capital charges—one each for water and sewer. Plaintiff believed that these capital charges were being improperly assessed and used to generate revenue to pay various employee salaries and to purchase an ambulance.

In March 2017, plaintiff filed suit against defendant, alleging that the capital charges were unconstitutional taxes in violation of the Headlee Amendment, Const 1963, art 9, §§ 6, 25-34, requesting a refund of all capital charges assessed or received by defendant, and seeking class certification on behalf of all other water and sewer service recipients. Defendant sought summary disposition under MCR 2.116(C)(8), contending that the capital charges were exempt from Headlee because they were authorized by the Revenue Bond Act of 1933, MCL 141.101 *et seq.*, which was enacted before Headlee was ratified. The trial court agreed and granted summary disposition on that basis, further concluding that any amendment to plaintiff's Headlee

-1-

claim would be futile, but permitting plaintiff to amend her complaint to add claims for violation of the Revenue Bond Act.

About a month and a half after plaintiff filed her amended complaint,[1] she filed a motion to compel documents and requested an extension of the discovery deadline and to adjourn other court dates. Defendant opposed plaintiff's motion, in part because plaintiff was seeking 10 years' worth of "irrelevant financial records encompassing every aspect of the Village's financial operations" and plaintiff had yet to review the almost 2,000 pages of "relevant and responsive documents—including audited financials, billing and payment records, and budgets—which allow[ed] Plaintiff to transparently ascertain, among other things, the Village's revenues and expenditures underlying its water and sewer capital charges." The trial court entered an order denying plaintiff's motion to adjourn dates. The order also stated that the parties had informed the trial court that the outstanding motions to compel had been resolved.

Shortly thereafter, on November 8, 2017, defendant moved for summary disposition under MCR 2.116(C)(10) on plaintiff's Revenue Bond Act claim. According to defendant, the capital charges were adopted by resolution around June 9, 2009 under the Revenue Bond Act. Defendant stated that its independently audited financials showed that it was not making extra money on its capital charges, and also that it was not even charging enough to "cover the costs of its annual debt service payments." Specifically, between fiscal years 2010 and 2016, defendant had received $2.7 million less than its debt payment obligations. Defendant noted that water and sewer usage fees were charged separately from the capital charges, and that portions of the usage fees were used to pay portions of employee salaries in addition to the costs of plaintiff's litigation against it. Defendant also explained that in October 2016, the village council approved a seven-year, roughly $100,000 interfund loan, from its water fund to the general fund, to purchase an ambulance. The village council elected to make this loan so that the water fund, not a third-party for-profit bank, would benefit from the interest payments defendant was making.

Less than a week later, plaintiff filed an amended motion to compel defendant to produce 10 years' worth of documents in roughly 12 categories as listed in her third request for production. Plaintiff contended that her expert could not provide an opinion to respond to defendant's motion for summary disposition unless "all of the records" were provided. Defendant replied by noting that as recently as November 7, 2017, plaintiff's counsel had admitted that plaintiff's expert had not reviewed the 2,000 pages already produced and that the breadth of documents plaintiff sought "would effectively allow Plaintiff to engage in a full-blown, historical audit of the Village with no cause or justification." Defendant also noted that plaintiff had not explained why the documents defendant had already produced were insufficient to permit plaintiff to assess the merits of her claim. After holding a hearing, the trial court denied plaintiff's motion.

---

[1] Plaintiff's amended complaint included additional counts that were not authorized by the trial court. The parties stipulated to their dismissal without prejudice.

Plaintiff subsequently filed a response to defendant's (C)(10) motion and alleged that she had "confirmed" her allegations with the testimony of Village President James Perkins and that she was otherwise "hamstrung" on whether defendant was properly allocating the capital charges because defendant refused to permit plaintiff's expert to examine the records necessary to determine whether funds were being properly allocated into and paid from the various water and sewer funds. Defendant asserted that plaintiff's bare assertion that discovery was incomplete, without providing any indication of what facts were disputed or likely to be uncovered by further discovery, would not preclude summary disposition and, further, that plaintiff had failed to rebut any of its evidence in support of the (C)(10) motion.

The trial court determined that there were no genuine issues of material fact. It stated that defendant's capital charges were used to cover bond debt, which was permitted under the Revenue Bond Act, and that the evidence showed that all of the expenditures about which plaintiff complained had been made from usage fees, not capital charges. The trial court acknowledged plaintiff's request for additional discovery, but concluded that it was nothing more than a fishing expedition in the absence of any independent evidence of a disputed material fact. Plaintiff moved for reconsideration, which the trial court denied. Plaintiff then initiated this appeal.

Plaintiff first alleges that the trial court erred by granting summary disposition under MCR 2.116(C)(8) on her Headlee claim. We review de novo a trial court's decision to grant summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary disposition is appropriate under MCR 2.116(C)(8) if the plaintiff has failed to state a claim on which relief can be granted. *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). Under (C)(8), all well-pleaded allegations must be both accepted as true and construed in the light most favorable to the nonmoving party, but the court must test the legal sufficiency of the complaint considering only the pleadings. MCR 2.116(G)(5); *Wade*, 439 Mich at 162-163.

The trial court granted summary disposition on plaintiff's Headlee claim because it concluded that the capital charges were authorized under the Revenue Bond Act, which predated ratification of the Headlee Amendment. See *American Axle & Mfg, Inc v City of Hamtramck*, 461 Mich 352; 604 NW2d 330 (2000). Plaintiff concedes that the Revenue Bond Act predates Headlee, but contends that because defendant allegedly used the capital charges for expenditures "wholly unrelated to the payment of the bond," her claim was not exempted under *American Axle*. We disagree. Not only did plaintiff cite no caselaw to support this position, but adoption of this position would unnecessarily complicate Headlee claims without providing any benefit.

First, taxpayers already have a cause of action under such circumstances. If a tax is exempt from Headlee because it was enacted pursuant to previously authorized legislation, any alleged misuse of those funds could be litigated as a violation of the statute that authorized the imposition or use of the taxes in the first place. Second, these "Headlee violations" would be premised solely on the alleged misuse of funds that were otherwise exempt from Headlee. To pull these claims back under the umbrella of Headlee would be to ignore both the plain language of the exemption and the entire purpose behind Headlee's enactment—preventing the imposition of taxes, not regulating their use. There is no benefit created by permitting such reasoning. The

occurrence of a Headlee violation in these cases would be entirely determined by ascertaining whether a municipality was misusing funds whose assessment was exempt from Headlee.

We reject plaintiff's assertion that defendant has attempted to have it both ways. Defendant was not arguing that the capital charges were a fee in one context but taxes in another. Rather, defendant was pointing out that it simply did not matter if the capital charges were a fee or a tax. If they were a fee, they were exempt from Headlee because Headlee only applies to taxes. *Bolt v City of Lansing*, 459 Mich 152, 158-159; 587 NW2d 264 (1998). On the other hand, if the capital charges were taxes, they were authorized by law before Headlee was ratified, and Headlee still did not apply. *American Axle*, 461 Mich at 357. Accordingly, the trial court properly granted summary disposition to defendant under (C)(8) on plaintiff's Headlee claim because the claim failed as a matter of law.

Plaintiff next alleges that the trial court erred by granting summary disposition under MCR 2.116(C)(10) on her Revenue Bond Act claim. A party is entitled to summary disposition under MCR 2.116(C)(10) when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Barnard Mfg*, 285 Mich App at 369. "[T]he moving party must support its motion with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted." *Id.* citing MCR 2.116(G)(3). When a moving party properly supports its motion, the burden shifts to the nonmoving party to establish that a genuine issue of disputed material fact exists. *Id.* The trial court may not weigh evidence, make determinations of credibility, or otherwise decide questions of fact. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 512-513; 892 NW2d 467 (2016). This Court's review is limited to "the evidence properly presented to the trial court." *Barnard Mfg*, 285 Mich App at 380.

Here defendant produced evidence showing that its capital charges were not used for anything but its debt service, as permitted. MCR 2.116(G)(4) places the burden of establishing a genuine issue of material fact on the opposing party—here, plaintiff. *Id.* at 377. A trial court does not have a duty "to scour the lower court record in search of a basis for denying the moving party's motion." *Id.* Only when a party refers to and relies on a specific piece of evidence, and that evidence is filed in the action or submitted by a party, is the trial court required to consider it. *Id.* Here, plaintiff failed to direct the trial court to any evidence that created a genuine issue of material fact.

In opposing defendant's properly supported (C)(10) motion, plaintiff contended that she had "confirmed" her allegations of inappropriate use of the capital charges "by the deposition testimony of the Village President, James Perkins, that money from the water fund has been used to buy an ambulance . . . and to pay the salary of the Village Manager, among others." However, plaintiff referenced Exhibits B and C attached to her answer, neither of which is Perkins's testimony. Rather, Exhibit B is a two-page informational "addendum" of some type regarding the ambulance purchase and Exhibit C is a spreadsheet that shows percentages of various village employees being allocated to the "water" and "wastewater" (sewer) departments.

Plaintiff then directly quotes Perkins' testimony two times. After the first quotation, plaintiff provides no citation, and after the second quotation, plaintiff simply notes that Perkins' deposition transcript is attached as Exhibit E, but provides no page citations. When plaintiff

directly quotes Perkins's testimony a third time, her citation advises: "(See Page 19 of Exhibit B)." As noted, Exhibit B is a two-page document regarding the ambulance purchase and is completely unrelated to the issue of the water fund paying for the defense of the lawsuit. Plaintiff then notes that Deborah Bigger, defendant's clerk/treasurer, testified that there are four separate accounts that hold the funds received from users of defendant's water and sewer systems—the water usage fund, the water debt collection fund, the sewer usage fund, and the sewer debt collection fund—and that the debt collection funds were "collected as the water and sewer capital charges and applied only as allowed by the Revenue Bond Act." Plaintiff then correctly cites to Exhibit F attached to the answer, but again fails to provide a specific page citation. These are all of the references to evidence contained in plaintiff's response.

Comparing this record with what occurred in *Barnard Mfg*, we hold that the trial court properly granted summary disposition under (C)(10) in favor of defendant because plaintiff "did not set forth specific facts showing that there was a genuine issue for trial." *Barnard Mfg*, 285 Mich App at 374. In *Barnard Mfg*, this Court noted that the trial court had been provided with copies of the relevant deposition, but neither party had referred the trial court "to the relevant testimony and there [was] no indication that the trial court elected to consider those sections on its own initiative." *Id.* at 380. Similarly, plaintiff in this case provided copies of the Perkins and Bigger depositions, but failed to direct the trial court to the relevant pages within the transcripts. Indeed, the sole time she used a page number, she referenced the wrong exhibit. Plaintiff's failure to provide page citations for the deposition testimony was, essentially, a request for the trial court to scour the record for evidence to support her claim because only by reading the entire deposition could the trial court determine the accuracy of her statements. After reviewing the evidence "actually raised by the parties," we conclude that the trial court did not err by granting summary disposition. *Id.* at 381.

Plaintiff's third claim on appeal is that the trial court abused its discretion when it denied the parties' joint motion to extend discovery and adjourn other court dates. This Court reviews "for an abuse of discretion a trial court's decision regarding a motion to extend discovery." *Decker v Trux R US, Inc*, 307 Mich App 472, 478; 861 NW2d 59 (2014). A trial court has abused its discretion if its decision results in an outcome that falls outside the principled range of outcomes. *Id.*

As an initial matter, the record is unclear regarding whether the trial court was ever aware that defendant had agreed to join plaintiff's motion to extend discovery and adjourn court dates. The motion that was filed was not a joint motion. There is an e-mail reflecting that counsel for both parties had agreed on how to handle discovery issues they were having and defendant's counsel indicated she would appear at the upcoming hearing on the motion and jointly seek an extension of the scheduling order dates. However, the trial court's order denying plaintiff's motion was entered two days before the scheduled hearing. Therefore, there is no way for this Court to know whether the trial court ever received any indication that defendant was agreeable to the requested extension. Nevertheless, even construing the circumstances as a joint request, plaintiff has failed to explain how the trial court's decision constituted an abuse of discretion. Plaintiff's entire argument on this issue consists of four sentences, one case citation, no record

citations, and no analysis. Accordingly, we deem this issue abandoned.[2] *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Plaintiff's final claim on appeal is that the trial court erred by denying her motion to compel defendant to produce all of the documents in plaintiff's third request for production. We also review for an abuse of discretion a trial court's decision regarding a motion to compel. *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011). Plaintiff argues that the documents she sought were relevant and necessary to pursue her Revenue Bond Act claim. However, the trial court made no rulings regarding the relevance or necessity of the documents when denying plaintiff's motion to compel. Instead, it noted that plaintiff could not state with any specificity what documents she needed that she had not already been provided, in part because her counsel had not reviewed all of the 2,000 pages already provided by defendant. The trial court ordered plaintiff's counsel to review the documents that had already been produced and, if he still required additional documents, to file a new motion and provide specifics about what documents were needed that had not been provided—not simply state that all of the documents in the third request for production were needed. In light of the massive amounts of documents requested, plaintiff's admission at the hearing that the documents already produced had still not been reviewed, and plaintiff's continued inability to articulate with any specificity what documents she needed but did not have, the trial court's decision to deny plaintiff's motion to compel and require any subsequent motion to provide more specificity fell within the principled range of outcomes. *Decker*, 307 Mich App at 478.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[2] The only sentence plaintiff includes that could be construed as an argument is that there was insufficient time between the filing of her amended complaint and defendant's motion for summary disposition to conduct adequate discovery. Notably, the trial court's denial of plaintiff's motion was entered on October 23, 2017, at least two weeks before defendant filed its motion for summary disposition on November 8, 2017. Accordingly, defendant's motion could have played no part in plaintiff's decision to request the extension and adjournment.