*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES DEAN BYARS,

Defendant-Appellant.

FOR PUBLICATION
April 27, 2023
9:00 a.m.

No. 357013
Alpena Circuit Court
LC No. 12-004965-FC

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

REDFORD, J.

In this matter, defendant asserts MCR 6.428 as amended effective January 1, 2021, allowed for the restoration of his appellate rights. Defendant appeals by delayed application for leave granted[1] the circuit court's opinion and order denying his motion for restoration of his appellate rights. Because we conclude under the facts and circumstances of this case, MCR 6.428 provided for the restoration of his appellate rights and for the reasons stated in this opinion, we reverse.

## I. BACKGROUND

On June 14, 2013, a jury convicted defendant of first-degree criminal sexual conduct (person under 13 years of age), MCL 750.520b(1)(a), and on July 22, 2013, the trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to 20 to 40 years' imprisonment. On July 22, 2013, defendant filed a claim of appeal and request for appellate counsel. On July 23, 2013, defendant filed an *in propria persona* motion for new trial. On July 29, 2013, the trial court entered on defendant's behalf a claim of appeal and an order appointing defendant appellate counsel.

On December 12, 2013, defendant's prior appellate counsel filed a motion in this Court for dismissal of defendant's claim of appeal without prejudice, because the appeal was premature

---

[1] *People v Byars*, unpublished order of the Court of Appeals entered September 29, 2021 (Docket No. 357013).

since defendant had filed a timely motion for new trial and "under MCR 7.204(A)(2)(d), an appeal of right in a criminal case may be taken 'within 42 days after the entry of an order denying a motion for a new trial . . . if the motion was filed within the time provided in . . . MCR 6.431(A) . . . .' " Defendant's counsel explained that he might supplement or adopt defendant's motion and notice it for hearing in the near future. The motion stated that if the trial court denied the motion for a new trial, defendant would request that the trial court reenter the claim of appeal. The motion being unopposed, this Court dismissed defendant's appeal.[2]

Defendant's motion in the trial court for a new trial was not noticed for hearing. Instead, on July 30, 2014, defendant's prior appellate counsel submitted a FOIA request to obtain a forensic interview of the complainant, and documents related to a similar acts witness. The Northfield Township Police Department denied the request, defendant's prior counsel appealed unsuccessfully, and then filed suit on March 4, 2015. That suit settled later in 2015.

Defendant's prior counsel filed an amended motion for new trial in the trial court on February 18, 2016; over two years after counsel had requested this Court to dismiss defendant's appeal and over two and a half years after counsel had been appointed by the trial court. The prosecution opposed the motion in part on the ground that defendant had abandoned the motion. Defendant's prior appellate counsel supplemented defendant's brief by stating that he filed the amended motion "after extensive and time consuming investigation that included (defendant's prior appellate counsel) filing" the FOIA complaint. Defendant's counsel provided no further explanation for the delay in filing and noticing the amended motion. On March 15, 2016, the trial court denied the motion because defendant had abandoned it by not noticing the original motion for hearing.

Defendant requested that the trial court enter another claim of appeal which the trial court denied March 22, 2016. On April 4, 2016, defendant filed an application for leave to appeal the denial of his motion for new trial because of his delayed filing, but this Court denied leave for lack of merit in the grounds presented.[3] Our Supreme Court also denied defendant's application for leave to appeal in an order entered April 27, 2017, but it stated:

> [T]he application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. This denial is without prejudice to the defendant's right to file a motion for relief from judgment pursuant to MCR 6.500 *et seq.* that may include the issue of whether his appellate counsel provided ineffective assistance of counsel when appellate counsel failed to properly notice the defendant's pro se motion for a new trial and/or to seek an adjournment. [*People v Byars*, 500 Mich 978; 893 NW2d 338 (2017).]

---

[2] *People v Byars*, unpublished order of the Court of Appeals, entered December 26, 2013 (Docket No. 317426).

[3] *People v Byars*, unpublished order of the Court of Appeals, entered July 1, 2016 (Docket No. 332326).

During June 2017, defendant's prior appellate counsel moved to withdraw as defendant's counsel on the ground that further representation of defendant would involve arguing that prior appellate counsel provided ineffective assistance, which created a conflict of interest requiring withdrawal and the substitution of counsel. Defendant's counsel asserted in the motion that defendant "lost his right to direct appeal through no fault of his own," and defendant "has a strong claim to reinstate his right to direct appeal because [defendant's prior appellate counsel] failed to perfect his appeal of right." The circuit court granted defendant's prior appellate counsel's motion, appointed defendant new appellate counsel, and entered a claim of appeal for defendant. This Court, however, notified defendant's new appellate counsel that he had been appointed "to represent defendant with regard to bringing a motion for relief from judgment under subchapter 6.500 in the trial court" and administratively closed Docket No. 339276 resulting in no pending appeal in this Court.

Thereafter, defendant moved in the circuit court for relief from judgment in part on the ground that his counsel provided ineffective assistance by abandoning his motion for new trial. The circuit court disagreed, ruling that defendant, and not defendant's prior appellate counsel, bore responsibility for noticing his motion for hearing, and even if counsel performed deficiently, defendant failed to establish prejudice because the court found that his pro se motion for new trial lacked merit, and even if properly noticed it would have been denied. Therefore, on January 11, 2018, the circuit court denied his motion for relief from judgment. On January 30, 2018, defendant filed an application for leave to appeal which this Court denied because defendant failed to demonstrate that the circuit court erred.[4]

Defendant, acting *in propria persona*, moved in the circuit court for restoration of his appellate rights under MCR 6.428. The court denied defendant's request on March 3, 2021, stating:

> Defendant's reliance on MCR 6.428 is misplaced. There is no dispute that he was appointed appellate counsel on two occasions. Additionally, his appellate counsel filed a timely appeal by right. Defendant withdrew his claim of appeal voluntarily. Although his subsequent motions and related appeals were unsuccessful, he has not demonstrated any errors or other factors to warrant restoration of his appellate rights.

Defendant moved for reconsideration and the court denied that motion. That prompted defendant acting *in propria persona* to file the instant application for leave to appeal which this Court granted.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a lower court's ruling on a postconviction motion, and review for clear error its findings of fact. *People v McSwain*, 259 Mich App 654, 681-682; 676 NW2d 236 (2003). A court abuses its discretion if its decision falls outside the range of

---

[4] *People v Byars*, unpublished order of the Court of Appeals, entered July 18, 2018 (Docket No. 342155).

-3-

reasonable and principled outcomes. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993) (citations omitted). We review de novo a lower court's interpretation of a court rule. *Blanton*, 317 Mich App at 117.

### III. ANALYSIS

Defendant argues that the circuit court erred by denying his motion under MCR 6.428 to restore his appellate rights because, through no fault of his own, he lost his right to appellate review. Defendant explains that his appellate counsel withdrew his claim of appeal with the intent to supplement or adopt defendant's pro se motion for new trial, but then failed to timely notice, supplement, or adopt the motion for new trial, resulting in the loss of his right to appellate review. We agree.

To determine whether defendant is entitled to the restoration of his appellate rights under MCR 6.428, we first must determine if the current version of MCR 6.428, which took effect on January 1, 2021, applies retroactively to defendant's 2013 judgment of sentence. If it applies retroactively, we must determine if the rule still requires defendant to prove ineffective assistance of appellate counsel to establish entitlement to have his appellate rights restored.

The previous version of MCR 6.428, titled "Reissuance of Judgment," stated:

> If the defendant did not appeal within the time allowed by MCR 7.204(A)(2) and demonstrates that the attorney or attorneys retained or appointed to represent the defendant on direct appeal from the judgment either disregarded the defendant's instruction to perfect a timely appeal of right, or otherwise failed to provide effective assistance, and, but for counsel's deficient performance, the defendant would have perfected a timely appeal of right, the trial court shall issue an order restarting the time in which to file an appeal of right.

Our Supreme Court amended MCR 6.428, effective January 1, 2021, and retitled the rule "Restoration of Appellate Rights," and it now provides:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

In *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999), this Court held that determining whether a newly amended or adopted court rule applies in a given case is governed by MCR 1.102, "because MCR 1.102 provides its own specific rules for the application of new and amended court rules that should take precedence over the generalized rules of retrospectivity and prospectivity." MCR 1.102 provides:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then

pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

In *Reitmeyer*, this Court noted that "[a]lthough MCR 1.102 was originally a transitional provision for the introduction of the court rules, [t]he same principle has been applied to subsequently adopted or amended rules." *Reitmeyer*, 237 Mich App at 337 (quotation marks and citation omitted; second alteration in original). Therefore, "the norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules." *Id*. (quotation marks and citation omitted). "[A]n injustice is not present merely because a different result would be reached under the new rules." *Id*. (quotation marks and citation omitted). "Rather, a new court rule would 'work injustice' where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Id*. at 337 (quotation marks and citation omitted). Thus, the current version of MCR 6.428 governs the restoration of a defendant's appellate rights unless defendant acted or failed to act in reliance on the previous version of MCR 6.428 and defendant's action or inaction has consequences under the new rule that were not present under the old rule.

In this case, defendant's motion for appointment of appellate counsel relied on the current version of MCR 6.428 to argue for the restoration of his appellate rights. The trial court's opinion and order denying the restoration of defendant's appellate rights cited the current version of MCR 6.428. Further, defendant relies on the current version of MCR 6.428 in his brief on appeal to argue that he is entitled to the restoration of his appellate rights due to errors by his former appellate counsel between 2013 and 2016. Plaintiff makes no argument to the contrary. Even though the alleged errors of defendant's previous counsel occurred before the current version of MCR 6.428 took effect, defendant relies upon the current version of MCR 6.428 for the restoration of his appellate rights. Defendant did not act or fail to act in reliance on the previous version of MCR 6.428 and the application of the current version of MCR 6.428 is feasible and will not work an injustice on the parties. MCR 6.428, therefore, applies retroactively in this case.

"Court rules are to be interpreted to give effect to the intent of the Supreme Court, the drafter of the rules." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 21; 777 NW2d 722 (2009). "The same legal principles that govern the construction and application of statutes apply to court rules." *People v Williams*, 483 Mich 226, 232; 769 NW2d 605 (2009). "When construing a court rule, we begin with its plain language; when that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation." *Id*. "[T]he intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Decker v Trux R Us, Inc*, 307 Mich App 472, 479; 861 NW2d 59 (2014) (quotation marks and citation omitted). Changes to a court rule "must be construed in light of preceding" court rules "and the historical legal development of" the court rules. See *Advanta National Bank v McClarty*, 257 Mich App 113, 120; 667 NW2d 880 (2003). "Words should be given their common, generally accepted meaning, if consistent with the legislative aim in enacting the statute." *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002). However, "just as we cannot read into an unambiguous statute a provision not written by the Legislature, we likewise cannot read into a court rule a provision not written by the Supreme Court." *People v Orr*, 275 Mich App 587, 595; 739 NW2d 385 (2007). Only where the language of the court rule is ambiguous may a court go beyond the words of the rule to ascertain our Supreme

Court's intent. See *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 658; 669 NW2d 326 (2003). "An ambiguity of [court rule] language does not exist merely because a reviewing court questions whether the [Supreme Court] intended the consequences of the language under review." *Id*. "An ambiguity can be found only where the language of a [rule], as used in its particular context, has more than one common and accepted meaning." *Id*. "Thus, where common words used in their ordinary fashion lead to a single reasonable interpretation, the [rule] is not ambiguous." *Id*.

"If judicial construction is required, this Court must adopt a construction that best accomplishes the purpose of the court rule." *Rivard*, 286 Mich App at 22. "Every word of the [rule] is presumed to have some meaning, so courts should avoid any construction that would render any part of the [rule] surplusage or nugatory." *Linden v Citizens Ins Co of America*, 308 Mich App 89, 93; 862 NW2d 438 (2014). "While the Court may consider a variety of factors, it should always use common sense." *Rivard*, 286 Mich App at 22.

Under the current version of MCR 6.428, defendant may obtain the restoration of his appellate rights and restart of the time in which to file an appeal if he establishes that he "was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control . . . ." This means that, if defendant's counsel, the lower court, or other factors outside defendant's control caused the denial either of his right to appellate review or the appointment of appellate counsel, he would be entitled to relief. Under the plain, unambiguous language of MCR 6.428, defendant must establish that (1) errors by the defendant's previous counsel denied him appellate review or the appointment of appellate counsel, or (2) errors by the lower court denied him appellate review or the appointment of appellate counsel, or (3) some other factors that were outside defendant's control caused him the denial of appellate review or the appointment of appellate counsel. Accordingly, defendant has three ways that he can establish entitlement to the restoration of his appellate rights.

Respecting the first way to establish the right to restoration of appellate rights, we note that under current MCR 6.428, a defendant no longer needs to demonstrate ineffective assistance of counsel. Our Supreme Court's amendment not only eliminated the phrase "or otherwise failed to provide effective assistance" from MCR 6.428, but also eliminated the phrase, "and, but for counsel's deficient performance, the defendant would have perfected a timely appeal of right." Our Supreme Court held in *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), that a defendant proves ineffective assistance of counsel by showing "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." When our Supreme Court eliminated from MCR 6.428 the phrases "or otherwise failed to provide effective assistance" "and, but for counsel's deficient performance, the defendant would have perfected a timely appeal of right," it removed the requirement that a defendant must prove that the defendant's prior counsel rendered ineffective assistance before the defendant could to be entitled to restoration of appellate rights. Our Supreme Court's changes indicate that MCR 6.428 requires a defendant to establish a less burdensome requirement, that counsel committed an error, i.e., committed an ignorant or imprudent deviation from a code of behavior or engaged in an act that through mistake, ignorance, deficiency, or accident, departed from or failed to achieve what should have been done resulting in the denial of the defendant's right to appellate review.

Under MCR 6.428, even if a defendant has timely filed a claim of appeal or been appointed appellate counsel, the defendant could still be denied the right to appellate review if appellate counsel or the court commits an error, or other factors outside of the defendant's control occur that result in denial of appellate review. The mere appointment of appellate counsel or filing of a claim of appeal, therefore, does not establish that a defendant actually has been afforded the right to appellate review if the defendant can demonstrate an error committed by prior counsel or the court, or other factors beyond the defendant's control, that resulted in the denial of appellate review. The exercise of the right to appellate review is more than the mere filing of a claim of appeal or the appointment of counsel. However, if after a defendant has filed a claim of appeal the defendant voluntary withdraws or dismisses the claim of appeal, to gain relief under MCR 6.428, such defendant must establish the commission of an error by counsel or the court, or other factors outside the defendant's control, that caused the ultimate denial of appellate review.

In this case, defendant's previous counsel moved to dismiss his appeal in this Court and then took no actions of record on defendant's previously filed motion for a new trial for over two years. These actions and inactions by prior counsel resulted in the trial court ruling that defendant had abandoned his motion for a new trial. Counsel's actions were clearly errors.

We note, ordinarily, where a defendant voluntarily withdraws or dismisses a claim of appeal, such conduct constitutes a waiver. As explained in *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citations omitted), waiver is "the intentional relinquishment or abandonment of a known right." "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (quotation marks and citation omitted). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Id*. at 217 (quotation marks and citation omitted). The right at stake in this case is the right to appeal a criminal conviction which the Michigan Constitution affords every criminal defendant. Const 1963, art 1, § 20. The right to appellate review may be waived, but such a waiver must be informed and voluntary.

Defendant argues that he was denied the right to appellate review because of errors by his prior appellate counsel entitling him to relief under MCR 6.428. Defendant contends that his court-appointed appellate counsel, after prior counsel successfully moved to dismiss defendant's claim of appeal without prejudice with the intent of adopting or supplementing defendant's previously filed pro se motion for a new trial, failed to timely pursue defendant's motion for new trial. Analysis of the record indicates that defendant's appointed counsel did not adopt, amend, or otherwise pursue defendant's motion for a new trial and waited over two years to file the amended motion. The record is unclear whether counsel considered a FOIA request necessary to proceed. The absence of any other action, however, suggests that defendant's prior counsel erroneously believed that a FOIA request and FOIA litigation sufficed to preserve defendant's appellate rights.

The record establishes that defendant's prior appellate counsel did not inform the trial court of the FOIA request or its rationale or necessity, its denial, the filing of a FOIA complaint, or that dispute's resolution, until he filed the amended motion for a new trial later in 2016. Even in that motion, its supporting brief, and its supplemental brief, defendant's prior appellate counsel did not disclose to the trial court any rationale for not noticing for hearing defendant's pending 2013

motion for new trial, nor did he offer reasons for not pursuing the filing of an amended motion sooner. Defendant's prior appellate counsel engaged in an act that constituted an imprudent deviation from motion practice and an act based on mistake, ignorance, deficiency, or accident that departed from or failed to achieve what should have been done, the filing of a timely amended motion for new trial that would have preserved defendant's right to appellate review under MCR 7.204(A)(2)(d). Defendant's prior appellate counsel, therefore, committed an error within the purview of MCR 6.428. Accordingly, the circuit court erred by concluding that defendant's reliance on MCR 6.428 was misplaced.

We also note that nothing in the record indicates that defendant made an informed and voluntary decision to abandon his motion for a new trial or agreed to delay bringing such motion before the trial court for adjudication for over two years from the date of his initial filing. No affidavit of defendant's prior appellate counsel or any attorney affiliated with defendant's prior appellate counsel discloses any justifiable rationale for the lengthy delay or lack of communication with the trial court, nor is there any indication that prior counsel consulted with defendant regarding delaying adjudication of the motion for new trial. Because of defendant's prior appellate counsel's errors, defendant was denied the right to appellate review. Accordingly, defendant was and is entitled to have his appellate rights restored. Defendant's *in propria persona* motion under MCR 6.428 brought prior counsel's errors to the trial court's attention, appropriately invoked MCR 6.428, and requested restoration of defendant's appellate rights. The trial court, nevertheless, denied defendant's motion. In so doing, the trial court erred.

Plaintiff argues that because defendant filed his motion for new trial pro se, defendant bore responsibility for noticing his hearing, and any delay is defendant's fault, not his prior appellate counsel's. Plaintiff argues further that the failure to timely pursue the motion for new trial was not " 'outside the defendant's control.' " We disagree.

MCR 6.425(G)(2) specifies the scope of an appointed appellate lawyer's representation:

> The responsibilities of the appellate lawyer appointed to represent the defendant include representing the defendant
>
> (a) *in available postconviction proceedings in the trial court the lawyer deems appropriate*,
>
> (b) *in postconviction proceedings in the Court of Appeals*,
>
> (c) in available proceedings in the trial court the lawyer deems appropriate under MCR 7.208(B) or 7.211(C)(1), and
>
> (d) as appellee in relation to any postconviction appeal taken by the prosecutor. [Emphasis added.]

Under MCR 6.425(G)(2)(a), defendant's prior appellate counsel had the responsibility to represent defendant in postconviction proceedings. The record reflects that defendant's prior appellate counsel understood his responsibility and indicated to this Court when he moved to dismiss defendant's claim of appeal that he intended to proceed with the motion for new trial. Defendant's prior appellate counsel failed to do so and his error denied defendant his right to

appellate review. The trial court erred by concluding that defendant bore the burden to seek adjudication of his motion for new trial and by not doing so abandoned the motion. That responsibility, however, belonged to prior appellate counsel whose failure to properly and timely pursue defendant's motion for new trial constituted an error that denied defendant his right to appellate review. Accordingly, we hold that the trial court abused its discretion when it denied defendant's motion under MCR 6.428 and refused to restore his appellate rights.[5]

Therefore, we reverse the trial court's order and remand for entry of an order restoring defendant's appellate rights and restarting the time in which he may file an appeal. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates

---

[5] We note, this conclusion could be different if prior appellate counsel was not appointed six days after defendant's pro se motion was filed and if prior appellate counsel had not affirmatively stated he was pursuing the motion for new trial and would renotice it for a hearing; however, in this case, prior appellate counsel did these things and we disagree with plaintiff's argument that defendant's pro se filing one day after sentence was imposed and before appellate counsel was appointed by the trial court results in a complete bar to the applicability of MCR 6.428.