*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BURT SMITH,

       Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
July 28, 2022

No. 358215
Macomb Circuit Court
LC No. 2018-004667-NF

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

This case arises from plaintiff's request to transfer his first-party no-fault action under the no-fault act, MCL 500.3101 *et seq.*, from the circuit court to district court. Plaintiff appeals as of right the trial court's order granting defendant $5,450 in attorney fees and $67.45 in costs under MCR 2.227. On appeal, plaintiff argues that the trial court erred by applying the former version of MCR 2.227.[1] Plaintiff also argues that the trial court abused its discretion by failing to hold an evidentiary hearing on defendant's motion for attorney fees and costs, by failing to consider the actual attorney fees defendant was charged, and by failing to adequately address the factors from *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982), and MRPC 1.5(a). We vacate and remand for further proceedings.

## I. BACKGROUND

Plaintiff sued defendant in circuit court for personal injury protection benefits in December 2018, asserting that the amount in controversy exceeded $25,000. Nearly a year after plaintiff filed his complaint, plaintiff moved to transfer this case to district court, claiming that, through the course of discovery, he had learned that the amount in controversy was actually less than $25,000.

---

[1] MCR 2.227 was amended September 18, 2019, effective January 1, 2020, by 504 Mich cxciv (2019) (hereinafter "the amended MCR 2.227").

Defendant opposed plaintiff's motion to transfer. In the alternative, defendant argued that the court should award it attorney fees under the former MCR 2.227(A). On January 9, 2020, the trial court granted plaintiff's motion to transfer, and awarded defendant attorney fees and costs. The trial court left the amount of attorney fees and costs to be determined.

In July 2021, the trial court awarded defendant $5,450 in attorney fees and $67.45 in costs. Defendant submitted, in part, invoices outlining the itemized costs and fees. However, the billable hourly rate for each entry was redacted, and plaintiff argued that the trial court should consider the actual hourly rate billed by defendant's attorney. The trial court concluded that defendant did not need to provide evidence of defense counsel's actual hourly rate that was charged. Defendant also submitted the 2017 Economics of Law Practice Survey, which the trial court relied on to conclude that $250 per hour was the hourly rate customarily charged in the locality for similar legal services. Next, the trial court considered the invoices submitted by defendant to determine whether the number of hours defense counsel billed were reasonable and concluded that a total of 21.8 hours were compensable. Accordingly, the trial court arrived at the baseline figure of $5,450. The trial court concluded that none of the remaining *Wood* and MRPC 1.5(a) factors applied and that no adjustment to the baseline figure was warranted.[2] This appeal followed.

## I. STANDARD OF REVIEW

We review questions of law and issues involving the interpretation of court rules de novo. *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 503, 504; 844 NW2d 470 (2014). "We review for an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). However, the findings of fact underlying an award of attorney fees are reviewed for clear error. *Brown v Home Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012). A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake was made. *Id.* "An abuse of discretion occurs when the court's decision is outside the range of reasonable and principled outcomes." *Smith*, 481 Mich at 526. A trial court necessarily abuses its discretion when it fails to recognize that it has discretion, *Berry v Garrett*, 316 Mich App 37, 50; 890 NW2d 882 (2016), or makes an error of law, *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

## II. APPLICATION OF COURT RULES

In its January 9, 2020 opinion and order transferring plaintiff's case and awarding defendant attorney fees and costs, the trial court applied the former version of MCR 2.227, rather than the amended MCR 2.227. Plaintiff claims that this was an error.

MCR 2.227 governs the procedure for transferring cases when a court determines that it lacks subject-matter jurisdiction. In 2019, the former MCR 2.227(A)(2) provided, in relevant part:

> As a condition of transfer, the court *shall require* the plaintiff to pay the statutory filing fee applicable to the court to which the action is to be transferred,

---

[2] Plaintiff does not challenge the award of $67.45 in costs on appeal.

and *to pay reasonable compensation for the defendant's expense, including reasonable attorney fees, in attending in the wrong court*. [Emphasis added.]

The amended MCR 2.227 provides, in relevant part:

> The transferring court must enter all necessary orders pertaining to the certification and transfer of the action to the receiving court. The court must order the plaintiff to pay the applicable statutory filing fee directly to the receiving court, unless fees have been waived in accordance with MCR 2.002. *The court may also order the plaintiff to pay reasonable compensation and attorney fees to the defendant for filing the case in the wrong court*. [MCR 2.227(B)(1) as amended September 18, 2019, effective January 1, 2020, 504 Mich cciii (2019) (emphasis added).]

The former MCR 2.227 required the trial court to award reasonable attorney fees to a defendant, while the amended rule states that the trial court "may" order the plaintiff to pay reasonable attorney fees. Thus, the substantive difference between the former rule and the amended rule is that the amended rule affords the trial court discretion over whether to award the defendant attorney fees. See *Lakeshore Group v Dep't of Environmental Quality*, 507 Mich 52, 64-65; 968 NW2d 251 (2021) (recognizing that "the term 'shall' indicates that conduct is mandatory," while the term "may" indicates discretion) (quotation marks and citations omitted).

Generally, a new court rule applies to all pending cases unless the application of the amended rule would be unfeasible or would work injustice. *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 336-337; 602 NW2d 596 (1999); MCR 1.102. In its order, the trial court cited the former MCR 2.227. However, the amended MCR 2.227 was in effect when the trial court transferred this case on January 9, 2020. Therefore, the trial court should have applied the amended rule unless it found that doing so would work an injustice or would be unfeasible. *Reitmeyer*, 237 Mich App at 337; MCR 1.102. Further, the trial court did not consider whether applying the amended rule would be unfeasible or would work an injustice. Therefore, because it appears that the trial court did not recognize that it had discretion to award attorney fees under the amended MCR 2.227, it necessarily abused its discretion. See *Berry v Garrett*, 316 Mich App 37, 50; 890 NW2d 882 (2016). We recognize that plaintiff failed to object to the trial court's error, and thus has forfeited appellate consideration of this claim.[3] See *Walters v Nadell*, 481 Mich 377, 384 n 14, 387; 751 NW2d 431 (2008) (holding that failing to preserve an issue for appeal will generally preclude appellate consideration of the issue). Nonetheless, because we remand for reasons explained below, and the record does not indicate the trial court understood that it had discretion in awarding attorney fees, on remand we instruct the trial court to exercise its discretion under the amended MCR 2.227, or consider whether applying the amended MCR 2.227 would be unfeasible or would work an injustice under MCR 1.102.

---

[3] Plaintiff's assertion that he did not have the opportunity to raise this argument is meritless. Plaintiff had ample opportunity to raise this argument after the trial court entered its January 9, 2020 order, before the court awarded attorney fees in July 2021.

Plaintiff further argues that the amended MCR 2.227 requires the trial court to award defendant actual attorney fees, asserting that the word "reasonable" in the amended rule does not modify "attorney fees," and therefore requires the payment of a party's actual attorney fees. We disagree.

The principles of statutory construction apply when interpreting a Michigan court rule. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). Therefore, we must first "consider[] the plain language of the court rule in order to ascertain its meaning." *Id.* "If the rule's language is plain and unambiguous, then judicial construction is not permitted and the rule must be applied as written." *Decker v Trux R Us, Inc*, 307 Mich App 472, 479; 861 NW2d 59 (2014) (quotation marks and citation omitted).

MCR 2.227(B)(1) provides: "The court may also order the plaintiff to pay *reasonable compensation and attorney fees* to the defendant for filing the case in the wrong court." (emphasis added). The former MCR 2.227(A)(2) provided: "As a condition of transfer, the court shall require the plaintiff . . . to pay *reasonable compensation for the defendant's expense, including reasonable attorney fees*, in attending in the wrong court." Typically, an adjective or adverb at the beginning of a series of nouns applies to each noun. *Sanford v Michigan*, 506 Mich 10, 20 n 18; 954 NW2d 82 (2020). Therefore, the plain and most natural reading of the amended MCR 2.227 indicates that "reasonable" modifies both "compensation" and "attorney fees," and we must apply the rule as written. *Decker*, 307 Mich App at 479. Further, had our Supreme Court intended MCR 2.227 to impose actual attorney fees, it could have amended the language to so provide. See, e.g., MCR 2.405(D) (awarding "actual costs" under the offer of judgment rule). Therefore, plaintiff's interpretation of the rule has no merit.

## III. ATTORNEY FEE AWARD

Next, plaintiff challenges the trial court's award of $5,450 in attorney fees to defendant, arguing that the court erred by failing to consider all of the relevant factors and the actual hourly rate billed by defense counsel. For the reasons stated below, we vacate the attorney fee award and remand for further proceedings.

## A. APPLICABLE LAW

"The party requesting attorney fees must establish the reasonableness of those fees, and trial courts must consider a non-exclusive list of factors when determining a reasonable attorney fee." *Lakeside Retreats LLC v Camp No Counselors LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355779); slip op at 6. The factors a trial court must consider, which somewhat overlap, are derived from *Wood,* 413 Mich at 588, and MRPC 1.5(a). *Smith*, 481 Mich at 529-530. These factors were recently distilled by our Supreme Court in *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 281-282; 884 NW2d 257 (2016):

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent.

However, a trial court must begin its analysis by determining "the reasonable hourly rate customarily charged in the locality for similar services." *Smith*, 481 Mich at 530-531; *Pirgu*, 499 Mich at 281. "The trial court must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure." *Pirgu*, 499 Mich at 281. Finally, "the trial court must consider *all* of the remaining *Wood* and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate." *Id*. "In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*. at 282.

## B. ANALYSIS

In the instant case, although the trial court utilized the 2017 Economics of Law Practice Survey to conclude that $250 per hour was a reasonable hourly rate customarily charged in the locality for similar legal services and found the reasonable hours expended, the trial court failed to comprehensively analyze the remaining *Smith*/*Pirgu* factors, as required. *Pirgu*, 499 Mich at 282. Therefore, the trial court necessarily abused its discretion and remand is necessary. *Id*. at 283; *Powers v Brown*, 328 Mich App 617, 624; 939 NW2d 733 (2019). Accordingly, we vacate the trial court's attorney fee award, and remand to the trial court. On remand, we direct the trial court to consider all of the factors enumerated by the Supreme Court in *Pirgu*, 499 Mich at 281-282, and further instruct the court to specifically discuss its view of each of the factors on the record and justify the relevance and use of any additional factors. *Id*. at 282; *Powers*, 328 Mich App at 625.

Additionally, although plaintiff does not challenge the trial court's calculation of the baseline hourly rate of $250 per hour, he argues that the trial court erred by failing to consider the actual hourly rate of the attorney fees charged. As discussed, the billable hourly rate charged by defense counsel was redacted on the invoices submitted by defendant. The trial court concluded that "the relevant analysis isn't what the attorney actually charged his or her client, it is what is a reasonable fee based on the customary rate in this locality."

The actual attorney fee charged is not a factor listed in *Wood,* MRPC 1.5(a), or *Pigru*, and our Courts have recognized that "[r]easonable fees are not equivalent to actual fees charged." *Smith*, 481 Mich at 528 n 12, quoting *Zdrojewski v Murphy*, 254 Mich App 50, 72; 657 NW2d 721 (2002) (quotation marks omitted). However, this Court has also recognized that, in

determining the reasonable hourly rate, "the actual fee charged, while clearly not dispositive of what constitutes a reasonable fee, *is a factor to be considered* in determining market place value as it is reflective of competition within the community for business and typical fees demanded for similar work." *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 234; 823 NW2d 843 (2012) (emphasis added).

Our Supreme Court has explained that the goal of awarding attorney fees "is to reimburse a prevailing party for its 'reasonable' attorney fee; it is not intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." *Smith*, 481 Mich at 534 (quotation marks and citation omitted). They have recognized that the goal of compensatory damages, such as an award of attorney fees, is to make an injured party whole for losses actually suffered, not to allow the injured party to incur a profit. *Rafferty*, 461 Mich at 270-271; *McAuley*, 457 Mich at 519-520. Therefore, while not dispositive, on remand we instruct the trial court to consider the "the actual fees charged" as a factor in determining the reasonableness of the fees. See *Van Elslander*, 297 Mich App at 234.

Finally, plaintiff argues that the trial court erred by failing to hold an evidentiary hearing as to reasonable attorney fees and costs. In the context of attorney fees, "[a] trial court's decision that an evidentiary hearing is not warranted is reviewed for an abuse of discretion." *Kernen v Homestead Dev Co*, 252 Mich App 689, 692; 653 NW2d 634 (2002). "Generally, a trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed. However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 359; 941 NW2d 685 (2019) (quotation marks and citations omitted). Plaintiff never requested an evidentiary hearing, and his failure to do so constituted a forfeiture of this issue, *Kernen*, 252 Mich App at 692, and we decline to consider it on appeal. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020).

The trial court order awarding attorney fees is vacated, and we remand to the trial court to reconsider its award of attorney fees in conformity with the court rule and Michigan Supreme Court precedent. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett