*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF ASHLEY LYNN MACHUTA.

---

ERICA MACHUTA, Personal Representative of the
ESTATE OF ASHLEY LYNN MACHUTA,

        Appellee,

v

JASON MACHUTA,

        Appellant.

UNPUBLISHED
May 19, 2022

No. 356717
Macomb Probate Court
LC No. 2021-235958-DE

---

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

In this probate action regarding the estate of Ashley Lynn Machuta, appellant, Ashley's father, appeals as of right the probate court's order appointing appellee, Ashley's mother, as personal representative of the estate. We vacate the probate court's order and remand for further proceedings.

## I. BACKGROUND

Ashley died intestate on November 25, 2020, when she was 22 years old. She was killed in a car accident. Appellee and appellant are Ashley's divorced parents. On December 16, 2020, appellee filed a petition to probate Ashley's estate, nominating herself as personal representative. The only asset of the estate was an impending wrongful-death action. Appellant objected to appellee's appointment as personal representative, arguing that she was unsuitable under MCL 700.3204(3). Appellant attached to his objection documentary evidence that he alleged supported this contention. In his objection, appellant also asked to be appointed personal representative, asserting that he had equal priority for appointment as appellee and, unlike appellee, was not unsuitable.

-1-

At a hearing on appellee's petition and appellant's objection, the court overruled appellant's objection and named appellee as personal representative. When appellant's counsel asked if the court was finding appellant unsuitable, the lower court said it was not, and that it was only "finding that this lady [i.e., appellee] is suitable." When appellant's counsel asked for further clarification on why the court was finding appellee suitable, the lower court cut counsel off, saying that it was making its ruling and "[y]ou open your mouth again I'm going to hold you in contempt." The court then reasoned that the estate's only asset was the proceeds of the wrongful-death action relating to Ashley's accident, and those funds would be distributed with the court's approval, meaning appellee could not improperly distribute funds. At the end of the hearing, appellant's counsel asked why there was not going to be an evidentiary hearing to consider appellant's evidence that appellee was unsuitable to serve as personal representative, and the lower court merely said, "Counsel, I made a ruling. I made an answer. There is an appellate court if you feel that I'm wrong."

Appellant filed a motion for reconsideration, arguing that he should be able to present evidence on appellee's suitability at an evidentiary hearing and that he should be named at least copersonal representative. The probate court issued a written opinion and order denying appellant's motion. In its opinion, the trial court, for the first time, explained that there was no need for an evidentiary hearing because appellant's evidence was not authenticated in violation of MRE 901(a), and therefore could not be admitted to establish appellee's unsuitability. The court otherwise denied the motion because, in the lower court's view, it presented the same arguments that the court addressed at the hearing on appellant's objection.

On March 22, 2021, in the wrongful-death action, the probate court entered an order accepting the settlement of the claim for the policy limit of $250,000, setting out distribution amounts for the parties, heirs, and attorney fees, and dismissing the action with prejudice. The order withheld the payment of costs and attorney fees pending the outcome of this appeal.

## II. STANDARDS OF REVIEW

A probate court's decision on the appointment of a personal representative is reviewed for an abuse of discretion. *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011). A lower court's decision that an evidentiary hearing is unnecessary is likewise reviewed for an abuse of discretion. *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002). A court abuses its discretion when it "chooses an outcome outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). This Court reviews de novo questions of statutory interpretation and the interpretation of court rules. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007).

## III. MOOTNESS

Before reaching appellant's arguments, it is necessary to address appellee's argument that the issue regarding who should be personal representative is moot. See *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019) ("The question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case."). "This Court's duty is to consider and decide actual cases and controversies," and as such, "[w]e generally do not address moot questions or declare legal principles that have no practical effect in a case." *Barrow v Detroit*

-2-

*Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014). "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010). "An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). A party bears a "heavy burden" to show mootness. *Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 256; 701 NW2d 144 (2005).

Appellee argues that this case is moot because all the duties of the personal representative have been fulfilled. Yet appellee's brief on appeal indicates that an additional asset, Ashley's retirement account, was discovered, and there is no record of if or when the retirement funds were distributed. Thus, contrary to appellee's argument, there may indeed be remaining duties for the personal representative.

Appellee also argues that, under MCL 700.3204(4), appellant cannot be named personal representative because he has moved to Connecticut or Massachusetts, rendering this appeal moot. That statute, however, applies to an appointment made by a court in the decedent's domicile, not the domicile of a nominated personal representative. It is therefore inapplicable for purposes of appellee's argument.[1]

At any rate, regardless of these arguments, appellant correctly points out that there is an open issue in this case regarding attorney fees. After the settlement of the lawsuit that appellee initiated on behalf of Ashley's estate, the probate court entered an order withholding costs and attorney fees pending the outcome of this appeal. Given that the resolution of the issues on appeal would allow the probate court to enter an order distributing costs and attorney fees, it cannot be said that a decision of this Court would have no "practical legal effect on the existing controversy." *Gen Motors Corp*, 290 Mich App at 386. Therefore, the issues on appeal are not moot.

## IV. SUITABILITY AND APPOINTMENT OF PERSONAL REPRESENTATIVE

Appellant argues that the probate court erred when it found appellee suitable over appellant's objection without first conducting an evidentiary hearing to consider appellant's evidence on appellee's suitability, and appointed appellee as personal representative. We agree.

The order of priority for appointment as personal representative is established by statute. MCL 700.3203(1) provides:

> For either formal or informal proceedings, subject to subsection (2), persons who are not disqualified have priority for appointment as a general personal representative in the following order:

---

[1] Even if appellant's domicile was relevant, appellee's entire argument that appellant is not domiciled in Michigan is based on appellant's listed address in a court order, which would not, by itself, affirmatively establish that appellant is not domiciled in Michigan.

(a) The person with priority as determined by a probated will including a person nominated by a power conferred in a will.

(b) The decedent's surviving spouse if the spouse is a devisee of the decedent.

(c) Other devisees of the decedent.

(d) The decedent's surviving spouse.

(e) Other heirs of the decedent.

"An objection to the appointment of a personal representative may be made only in a formal proceeding." MCL 700.3203(2).

There is no dispute in this case that appellee and appellant are heirs of Ashley and share priority for appointment as personal representative under MCL 700.3203(1)(e). When appellant objected to appellee's petition to be appointed personal representative, he did so on grounds that she was unsuitable under MCL 700.3204(3), which provides that "[a] person is not qualified to serve as a personal representative if the person is either under the age of 18 or is a person whom the court finds unsuitable in formal proceedings." See also MCL 700.300.3203(1) (stating that it applies only to "persons who are not disqualified"). The party challenging a nominated person's suitability bears the burden of proof by a preponderance of the evidence. *In re Guardianship of Redd*, 321 Mich App 398, 411; 909 NW2d 289 (2017).

On appeal, appellant challenges the probate court's finding of appellee's suitability on grounds that he presented evidence establishing that it was a contested factual issue but the court declined to hold an evidentiary hearing on the subject. Generally, courts should hold an evidentiary hearing if "there exist[s] contested factual questions that must be resolved before a court can make an informed decision on whether or not to grant the motion." *Brown v Loveman*, 260 Mich App 576, 600; 680 NW2d 432, 445 (2004) (quotation marks and citation omitted). "However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002).

The trial court here initially did not explain why it chose not to conduct an evidentiary hearing regarding appellant's evidence on appellee's suitability. When appellant's counsel attempted to ask for more of an explanation from the court for its finding on appellee's suitability, the court threatened to hold counsel in contempt. Then, when appellant asked why there was not going to be an evidentiary hearing, the court simply said that it had made its ruling and appellant could appeal. When appellant moved for reconsideration, the probate court finally addressed appellant's evidence on appellee's suitability, saying that the evidence could not establish appellee's unsuitability because it had not been authenticated under MRE 901(a).

Notably, the court did not believe that an evidentiary hearing was unnecessary because the parties had presented sufficient evidence for the court to review, nor did the court find that appellant's evidence on this issue, even if accepted, would be unable to establish appellee's

unsuitability. Rather, the lower court only found that the evidence could not establish appellee's unsuitability because it had not been authenticated under MRE 901(a).

It follows that whether the court should have held an evidentiary hearing on this contested factual issue hinged on whether appellant's evidence needed to be authenticated under MRE 901(a). On this point, we agree with appellant that at the early stage in the proceedings when the probate court issued its opinion and order, nothing in the court rules required the documents to be authenticated.[2] Accordingly, the trial court made an error of law by concluding that the documents were inadmissible for lack of authentication under MRE 901(a). Further, because this was the sole reason the court gave for not holding an evidentiary hearing on a contested factual question that had to be resolved before the court could make an informed decision on whether to appoint appellee as personal representative of the estate, the trial court abused its discretion when it appointed appellee without holding an evidentiary hearing to determine appellee's suitability. See *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012) (explaining that "failure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion") (quotation marks and citation omitted). We therefore vacate the trial court's finding of appellee's suitability. On remand, the court shall conduct an evidentiary hearing on this issue or, addressing the evidence, explain on the record why such an evidentiary hearing on appellee's suitability is unnecessary.

Moreover, regardless of its failure to hold an evidentiary hearing, the probate court abused its discretion when it appointed appellee as personal representative because appellant had an equal priority of appointment under MCL 700.3203(1)(e),[3] so the probate court selected a personal representative over the objections of someone with priority of appointment in violation of MCL 700.3203(3). That statute provides, in pertinent part, that "[i]f 2 or more persons share a priority, those of them who do not renounce shall concur in nominating another to act for them or in applying for appointment." MCL 700.3203(3). Appellee and appellant share priority, and neither has renounced their right to nominate a personal representative or be appointed to the role. Therefore, they were required to concur in the nomination of a personal representative for the estate. At this point, the parties have not agreed on the nomination of a personal representative or that they should serve as copersonal representatives. When the probate court selected a personal representative without the concurrence of all sharing priority, it erred as a matter of law. "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Thus, the probate court abused its discretion when it appointed appellee as personal representative without the concurrence of appellant. On remand, if the parties continue to disagree about who should be appointed personal representative,

---

[2] Further, it is not disputed that if appellant sought to admit the evidence at time that authentication would have been required by the court rules, appellant could have had the evidence authenticated by a person who could testify regarding the evidence's authenticity. See MRE 901(b)(1) and (2).

[3] Recall that the probate court stated at the hearing on the petition that it was not finding that appellant was unsuitable or otherwise disqualified from serving as personal representative.

the probate court shall appoint a personal representative pursuant to the mandates of MCL 700.3203(3).[4]

## VI. CONCLUSION

The probate court reversibly erred by appointing appellee as personal representative without holding an evidentiary hearing on a contested factual question—appellee's suitability—that had to be resolved before the court could make an informed decision on whether to appoint appellee as personal representative. The probate court further erred when it appointed appellee as personal representative in violation of MCL 700.3203(3). We therefore vacate the trial court's order and remand for further proceedings. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

---

[4] In light of our holdings vacating the probate court's appointment of appellee as personal representative, we need not address appellant's argument that the probate court abused its discretion when it declined to appoint him as copersonal representative. At any rate, we note that the court was not able to appoint appellant as personal representative or copersonal representative without appellee's concurrence to the appointment because of the reasons discussed previously.