*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL WILLIAM RUDD,

      Plaintiff-Appellant,

v

ANDREA JOY AVERILL, formerly known as
ANDREA JOY AVERILL-WAGONMAKER,
formerly known as ANDREA JOY RUDD,

      Defendant-Appellee.

UNPUBLISHED
March 21, 2025
11:48 AM

No. 368213
Muskegon Circuit Court
LC No. 2007-036874-DM

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

In this divorce action, commenced in 2007, plaintiff appeals as of right the trial court's order denying his motion for attorney fees and costs under MCR 3.206(D)(2)(a). We affirm.

## I. FACTS

This is the tenth appeal that plaintiff has filed in this action since 2016. The following description of earlier proceedings is derived largely from this Court's opinion in *Rudd v Averill*, unpublished per curiam opinion of the Court of Appeals, issued December 18, 2018 (Docket No. 340135) (*Rudd I*).

### A. EARLIER PROCEEDINGS

The parties were married on August 1, 1997. A judgment of divorce, which awarded the parties joint legal and physical custody of their two minor children, was entered in December 2007. In April 2012, plaintiff filed a motion regarding custody and parenting time. In December 2013, the trial court issued an order appointing a therapist to evaluate and make recommendations regarding parenting time and custody issues and directing the parties to schedule an appointment with the therapist immediately. *Rudd I*, unpub op at 1.

In April 2014, plaintiff moved for an order to show cause for contempt for defendant's failure to comply with the December 2013 order, and requested $2,400 in attorney fees. A few

-1-

weeks later, the court entered an order finding defendant in contempt, but stating that the contempt could be purged by compliance with the modified custody and parenting-time order. The trial court held plaintiff's request for attorney fees in abeyance. The trial court subsequently awarded full legal and physical custody to plaintiff. In October 2014, defendant moved to restore joint custody. Following a hearing in March 2015, the trial court denied that motion, finding that defendant was not in full compliance with the court's previous order regarding counseling. *Id*. at 1-2.

In July 2015, plaintiff moved for an evidentiary hearing to address the allegedly frivolous claims and misrepresentations that defendant and her counsel made, arguing that their conduct required more court appearances, causing plaintiff to incur additional attorney fees. In August 2015, defendant filed an amended motion to restore joint custody. At a hearing on these motions, plaintiff's counsel contended that defendant should be required to pay a portion of plaintiff's attorney fees incurred in response to defendant's repeated motions. The trial court stated that it would assess costs if either party returned to the court prematurely in the future, but declined to address the issue of defendant's alleged contempt and the request for attorney fees still in abeyance, stating that it did not care about contempt in this action but sought to compel defendants' compliance with the court's orders. On September 17, 2015, the trial court entered an order denying plaintiff's motion for an evidentiary hearing and request for costs. In January 2016, plaintiff's counsel withdrew from the representation because plaintiff owed more than $10,000 in legal fees. *Id*. at 2.[1]

Thereafter, defendant continued to file motions regarding custody and parenting time, while plaintiff continued to file motions requesting an evidentiary hearing regarding his previous requests for litigation costs and sanctions. *Id*. at 3. In July 2017, plaintiff moved for costs and attorney fees under various court rules and statutes, including MCR 3.206(C)(2)(a) and (b).[2] In

---

[1] Since January 2016, plaintiff has proceeded *in propria persona* for all the trial and appellate proceedings.

[2] At that time, MCR 3.206(C), now MCR 3.206(D), provided as follows:

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

August 2017, plaintiff moved to disqualify the trial judge, arguing that the judge had made numerous statements showing bias against plaintiff and against awarding remedial sanctions. Soon thereafter, the trial court issued an opinion and order denying plaintiff's motions to disqualify, for hearings regarding litigation costs and contempt sanctions, and for contempt sanctions against defendant's counsel. Plaintiff then appealed to this Court. *Id*. at 3.

On appeal, plaintiff argued, *inter alia*, that the trial court erred by failing to consider his request for cost and attorney fees under MCR 3.206(C)(2)(a) and MCR 3.206(C)(2)(b). A panel of this Court concluded that the trial court erred by finding "that its common law use of coercion to compel defendant's compliance was sufficient instead of conducting a hearing to deal with the penalty for the contempt." *Id*. This Court also concluded that plaintiff had incurred attorney fees as a result of defendant's refusal to comply, had suffered an actual loss, and was entitled to attorney fees. *Id*. at 5. Accordingly, this Court reversed the trial court's decision regarding costs and attorney fees and remanded to the trial court for an evidentiary hearing in which the trial court "must consider the relevant factors for determining the reasonableness of the attorney fees to be awarded as set forth in *Smith v Khouri*, 481 Mich 519, 529-530; 751 NW2d 472 (2008)." This Court retained jurisdiction. *Id*. at 6. That same day, the panel issued an order requiring that proceedings on remand commence within 49 days, and limiting the proceedings on remand to "the relevant factors for determining the reasonableness of the attorney fees to be awarded as set forth in *Smith v Khouri* . . . ." *Rudd v Averill*, unpublished order of the Court of Appeals, entered December 18, 2018 (Docket No. 340135).

In January 2019, plaintiff moved for reconsideration in this Court, noting that his brief on appeal had included discussion of attorney fees on the basis of financial need, and contending that all his requests should be considered on remand. Plaintiff requested that this Court issue an amended order "expanding the scope of remand and assigning this matter to a different judge." The panel denied plaintiff's motion without explanation. *Rudd v Averill*, unpublished order of the Court of Appeals, entered January 23, 2019 (Docket No. 340135).

B. PROCEEDINGS ON REMAND

On remand, plaintiff requested an award of attorney fees under MCR 3.206(C)(2)(b). The next day, plaintiff filed two affidavits of counsel, attesting that plaintiff had incurred attorney fees in excess of $80,000 between May 2013 and September 2015. In January 2019, the trial court conducted an evidentiary hearing. Plaintiff's former attorneys both testified, and the trial court received their affidavits into evidence. Throughout the hearing, plaintiff asserted an expansive interpretation of this Court's decision in *Rudd I*, stating that the issue in that appeal was the July 2017 motion, "which basically renoticed to the Court the request for attorney fees which have been

---

Effective January 1, 2018, MCR 3.206(C) was redesignated as MCR 3.206(D), but was otherwise unchanged. See ADM File No. 2002-37, 501 Mich cxxxvii, clvii (2017). Effective January 1, 2020, MCR 3.206(D)(2) was amended by the addition of language providing that an award of fees and expenses may also include fees and expenses incurred during discovery. See ADM File No. 2002-37, 505 Mich clxxi, clxxv (2019).

preserved throughout the course of the litigation," and contending that, under this Court's remand order, the trial court had "the ability to hear any of the requests for attorney fees which were deferred." Conversely, defendant repeatedly attempted to limit the hearing to MCR 3.206(C)(2)(b) and the trial court's 2014 contempt finding against her. The trial court agreed with defendant, explaining that on appeal, this Court had focused on the 2014 contempt proceedings.

In March 2019, the trial court issued its opinion and order, awarding plaintiff attorney fees and costs totaling $4,350, under MCR 3.206(C)(2)(b) and MCL 600.1271.[3] The decision focused on proceedings directly related to defendant's contempt of court. In July 2019, a panel of this Court affirmed that decision. *Rudd v Averill (After Remand)*, unpublished per curiam opinion of the Court of Appeals, issued July 30, 2019 (Docket No. 340135) (*Rudd II*), p 3. That same day, the panel entered an order concluding the appeal and affirming the trial court's order on remand "because the resolution provided by that order appropriately complies with the holdings in our December 18, 2018 opinion." *Rudd v Averill*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 340135).

Plaintiff moved for reconsideration in this Court, asserting that defendant had not raised any specific concerns regarding the fees that plaintiff requested from August 2014 through January 2016, and requesting that this Court reconsider its opinion in *Rudd II* or "remand for an order awarding the full amount of uncontested fees requested for services from July 2014 through January 2016." The panel denied plaintiff's motion without explanation. *Rudd v Averill*, unpublished order of the Court of Appeals, entered September 11, 2019 (Docket No. 340135). In October 2019, plaintiff applied for leave to appeal to the Michigan Supreme Court. In June 2020, plaintiff's application was denied because the Supreme Court was "not persuaded that the questions presented should be reviewed by this Court." *Rudd v Averill*, 505 Mich 1132, 944 NW2d 687 (2020).

C. CURRENT PROCEEDINGS

After applying for leave to appeal to the Supreme Court plaintiff filed a motion in the trial court in asserting that, in September 2015, the court had been "explicitly advised that Plaintiff could no longer afford to defend the action without an award of attorney fees," and that "the request for need based attorney fees has been diligently submitted and resubmitted" to the court. Plaintiff contended that the trial court had never allowed a hearing on the issue of "*need-based* attorney fees," and had issued a ruling that quashed plaintiff's ability to discover records relevant to an award of need-based attorney fees. Asserting that a December 9, 2019 order "appear[ed] to confirm that the Court is denying Plaintiff's request for MCR 3.206(D)(2)(a)," plaintiff asked the court to enter a "more definite" ruling, or, alternatively, to enter a scheduling order for discovery and a timetable for submissions by the parties.

---

[3] MCL 600.1721 governs damages for contempt, and provides, in part, as follows: "If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant."

Four weeks later, plaintiff requested an award of need-based attorney fees under MCR 3.206(D), asserting that he had incurred over $95,000 in attorney fees and costs. Plaintiff alleged that: he was unable to bear the expense of this action, defendant was able to pay the fees and costs, an award of fees under MCR 3.206(D)(2) may be requested at any time, and the trial court had never ruled on his request "for *need-based* attorney fees." In an attached memorandum, plaintiff asserted that he had diligently requested hearings on an award of attorney fees under MCR 3.206(C)(2)(a) and (b), and contended that the trial court had, without a hearing, denied his requests for attorney fees under MCL 600.1721, MCR 2.114, MCL 600.2691, MCR 2.625, MCR 2.302, and MCR 3.206(C)(2)(b), but "did not address *need based* fees under MCR 3.206(C)(2)(a)." After the parties disclosed their annual incomes, plaintiff contended that if defendant disputed her ability to pay, discovery and an evidentiary hearing would be in order. In conclusion, plaintiff repeated his request for an evidentiary hearing on his "*long-standing* request" for attorney fees and costs under MCR 3.206(D)(2)(a). Plaintiff did not attach any documentary evidence supporting his claims in this motion, however.

Two weeks later, plaintiff again moved to disqualify the trial judge, asserting, *inter alia*, that the judge continued to "mock, ridicule and denigrate Plaintiff," and was predisposed to deny any award of attorney fees. Plaintiff attached a copy of a 26-page complaint he had recently filed against the judge in the United States District Court for the Western District of Michigan, seeking "to vindicate Plaintiff's First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, the Declaratory Judgement Act, and other provisions of state and federal law."

Responding to plaintiff's motion for attorney fees, defendant asserted that plaintiff was intentionally unemployed or underemployed, the attorney fees plaintiff sought were the result of his own litigious nature, plaintiff had no need for fees because he was a competent litigant, defendant was unable to pay her own attorney fees, and it was not "just or equitable to require the Defendant to tender any fees to Plaintiff when he refuses to get a job or stop his excessive filings." Defendant also asserted that the trial court had already ruled on plaintiff's fee request, and that this Court had affirmed that ruling.

With the onset of the COVID-19 pandemic, this case entered a period of dormancy; no further proceedings in the trial court for more than two years. In August 2022, plaintiff moved for superintending control in this Court, asserting that: (1) his motions—for attorney fees under MCR 3.206(D)(2)(a) and for disqualification of the trial judge—remained pending, (2) the trial court had prohibited him from requesting hearing dates, and (3) the motion for disqualification must be decided before the trial court ruled on other pending matters. Plaintiff requested that this Court enter an order directing the trial court to schedule a three-hour evidentiary hearing or to decide the motion for disqualification.

A few days later, the trial court issued an opinion and order granting plaintiff's motion for disqualification. After briefly summarizing the pertinent factual background, the trial court noted that plaintiff's federal civil complaint against it had been dismissed, and that the United States Court of Appeals for the Sixth Circuit had affirmed the dismissal. The trial court concluded that its rulings against plaintiff did not indicate bias or prejudice, and there was in fact no basis for disqualification; nevertheless, the trial court granted plaintiff's motion "because a reasonable

person could question the Court's ability to carry out its judicial responsibilities impartially considering Plaintiff's sustained criticism of the undersigned judge."[4]

In December, 2022, plaintiff moved for an order to compel defendant to respond to the discovery requests served four months earlier, asserting that the information requested "was relevant to support obligations and a determination of *need-based* attorney fees." In March 2023, after reassignment to a new judge, the trial court entered an order recognizing that two motions, both filed in February 2020, remained to be decided: plaintiff's motion to modify child support and plaintiff's motion for attorney fees. Explaining that the court would hold separate hearings on the issues of child support and attorney fees, the court scheduled an evidentiary hearing on the support motion, and directed that plaintiff's "Motion to Compel as it pertains to the issue of attorney fees will *temporarily be held in the original order in abeyance.*"

The child-support hearing was held in April 2023. By that time, the children were both 18 years old, with one year of high school remaining. The bulk of the hearing related to the parties' incomes, including to what extent income should be imputed to plaintiff for his ability to work as a paralegal. In June 2023, the trial court entered an order that established defendant's annual income at $80,681, and imputed plaintiff's "income at $30,000 for the years 2019 and 2020 and $41,600 for the years 2021 forward."

The following day, the trial court entered a notice directing the parties to appear for a hearing on plaintiff's motion for attorney fees in August 2023. The court asked the parties to submit written summaries of their respective positions before the hearing. In her memorandum, defendant, *inter alia*, asserted that: (1) the trial court had awarded plaintiff $4,350 in fees and costs in March 2019, (2) this Court had found that award proper, and (3) neither this Court nor the trial court had left open an avenue for plaintiff to request additional fees and costs. Plaintiff responded, arguing that this Court's rulings in *Rudd I* and *Rudd II* did not preclude the trial court from awarding additional attorney fees for a different reason, and asserted that the evidence would show that the protracted litigation was exclusively the result of defendant's misconduct. Plaintiff requested that the trial court award the fees and costs he requested, or, alternatively, schedule a full evidentiary hearing to determine what fees defendant should pay as a result of her unreasonable conduct in light of plaintiff's financial situation.

At the August 2023 hearing, plaintiff acknowledged that the amount of fees had been "provided a while ago," and that the parties had stipulated to the reasonableness of the hourly rate. Nevertheless, plaintiff asserted that discovery related to defendant's attorney fees was required because defendant had argued an inability to pay on the basis of her own attorney fees, and "[t]here's several years of income that was never disclosed to the friend of the court." Plaintiff and the trial court then engaged in an extensive discussion regarding whether plaintiff might recover fees under MCR 3.206(D)(2)(a) when fees had already been awarded under MCR 3.206 (D)(2)(b). Plaintiff responded that the trial court had earlier awarded only a small portion of the fees requested and had considered only "a very specific timeframe that the amount of fees that

---

[4] In light of the trial court's decision granting plaintiff's motion for disqualification, a panel of this Court dismissed plaintiff's complaint for superintending control as moot. *In re Rudd*, unpublished order of the Court of Appeals, entered on January 31, 2023 (Docket No. 362514).

were necessary for the contempt motion be filed and only under that first rule, the misconduct rule." Plaintiff asserted that neither the trial court nor this Court had ever adjudicated his request for fees on the basis of need, and that, in order for the trial court to properly exercise its discretion, "there has to be a hearing and the chance to present evidence on the request for attorney fees on each one that you request." As plaintiff continued to argue that the trial court's previous order awarding fees was limited to the contempt proceedings, and therefore did not preclude consideration of his request for need-based attorney fees, the trial court explained that it would not award plaintiff all the requested fees. Conversely, defendant's attorney asserted that the fees requested "have either been foreclosed or at this point are no longer capable of being received."

In an opinion and order issued in October 2023, the trial court reiterated its findings regarding the parties' income as stated in its June 2023 order, and summarized the history of plaintiff's request for attorney fees under MCR 3.206(D)(2)(b). The trial court then concluded that an evidentiary hearing was not required on plaintiff's motion for fees and costs under MCR 3.206(D)(2)(a), because "the Court has adequate information to determine litigation costs and attorney fees." Reciting the factors to consider when determining the reasonableness of an award of attorney fees, the court stated that it was "not convinced that a large portion of the attorney fees were reasonable not because of the attorney's billing rate or time but because the fees . . . incurred included multiple other issues other than litigating the matters of custody, parenting time and child support," and that plaintiff had neither alleged sufficient facts nor provided "satisfactory evidence of his financial strain." Noting that plaintiff had not been deterred from fully litigating the issues, and had been awarded fees under MCR 3.206(D)(2)(b), the trial court concluded as follows:

> Another analysis of the reasonableness of the attorney fees is not necessary because the Plaintiff Father has not provided the court with facts that meet the threshold standard of showing he is unable to bear the costs of litigation and attorney fees *and* that the Defendant Mother is able to pay these costs and fees.

Plaintiff now appeals.

## II.  STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's decision to award attorney fees in divorce proceedings." *Loutts v Loutts*, 309 Mich App 203, 215-216; 871 NW2d 298 298 (2015). A trial court's decision to deny a request for an evidentiary hearing is also reviewed for an abuse of discretion. *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002). An abuse of discretion occurs when the trial court makes a decision outside the range of reasonable and principled outcomes, *Smith*, 481 Mich at 526, or when it makes an error of law, *Hein v Hein*, 337 Mich App 109, 116; 972 NW2d 337 (2021). The findings of fact on which the trial court based its decision are reviewed for clear error. *Loutts*, 309 Mich App at 216. Clear error has occurred when we are "left with the definite and firm conviction that a mistake has been made." *Skaates v Kayser*, 333 Mich App 61, 81-82; 959 NW2d 33 (2020) (quotation marks and citation omitted). Issues of law are reviewed de novo. *Loutts*, 309 Mich App at 216. This includes whether, and to what extent, a preclusion doctrine applies. *Minicuci v Scientific Data Mgt, Inc*,

243 Mich App 28, 34; 620 NW2d 657 (2000) (collateral estoppel).  See also *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008) (law of the case doctrine).

## III.  ANALYSIS

In domestic-relations cases, an award of attorney fees is authorized by statute and court rule.  Under MCL 552.13, a trial court may require a party "to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency."  Under MCR 3.206(D)(1), "[a] party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding."  Pursuant to MCR 3.206(D)(2)(a), a trial court may award attorney fees and expenses when a party alleges facts showing that "the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay . . . ."  Attorney fees and expenses may also be awarded upon a showing that "the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules."  MCR 3.206(D)(2)(b).

## A.  PRECLUSION

Because in this case, defendant argued that an award of attorney fees and costs was precluded by the trial court's March 2019 order requiring defendant to pay fees and costs totaling $4,350, and this Court's decision in *Rudd II* affirming that order, we first consider whether an award of attorney fees and costs under MCR 3.206(D)(2)(a) is precluded by the earlier proceedings in the trial court, this Court's decisions in *Rudd I* and *Rudd II*, or the passage of time.  We conclude that this issue is not precluded.

The law of the case doctrine provides that legal questions decided by an appellate court will not be decided differently in a later appeal in the same case when the facts are unchanged. *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000).  The lower court is bound by the appellate court's decision and may not take action on remand that is inconsistent with the judgment of the appellate court.  *Id*. at 260.  "Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals."  *Id*.  The doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal," however.  *Id*.  The doctrine does not apply to claims that were not decided on the merits.  *Rott v Rott*, 508 Mich 274, 287; 972 NW2d 789 (2021).

In the trial court, defendant argued that an award of attorney fees and costs was precluded by the trial court's March 2019 order requiring defendant to pay fees and costs totaling $4,350, and this Court's decision in *Rudd II*, affirming that order.  Plaintiff retorted that his request for need-based fees and expenses was not barred by laches, the law of the case, res judicata, "or anything like that," because the trial court had not addressed his request for need-based fees and expenses, and this Court was likewise silent on the issue.  In its opinion and order, the trial court did not address whether this Court's decisions in *Rudd I* or *Rudd II* precluded an additional award of attorney fees to plaintiff.

Plaintiff still seeks recovery of attorney fees and costs incurred between May 2013 and September 2015—the same attorney fees that he requested a hearing for in his July 2017 motion, in which he: (1) asserted that he had incurred more than $80,000 in attorney fees and costs, and (2) requested fees and costs under various court rules and statutes, including MCR 3.206(C)(2)(a). The trial court denied plaintiff's request, but it did not specifically address plaintiff's request for need-based fees and costs. This was the order appealed in *Rudd I*.

Plaintiff directly raised the issue of need-based attorney fees in his appeal to this Court in *Rudd I*, in which a panel of this Court remanded for an evidentiary hearing, limited to a determination of the reasonableness of the fees requested. *Rudd*, unpub order, entered December 18, 2018. The issue of need-based attorney fees was never explicitly addressed, however, either by the trial court or by this Court as this Court's analysis focused on an award of fees on the basis of defendant's misconduct. *Rudd I*, unpub op at 3-5. Plaintiff again raised this issue in his motion for reconsideration, noting that his brief on appeal had included discussion of attorney fees on the basis of financial need, and contending that all his requests should be considered on remand. The panel denied plaintiff's motion without explanation. *Rudd v Averill*, unpublished order of the Court of Appeals, entered January 23, 2019 (Docket No. 340135).

Plaintiff now again argues that he is entitled to an evidentiary hearing on the question of each party's ability to pay and the reasonableness of fees incurred. It appears that this is plaintiff's proverbial second, or fourth, bite at the apple. As previously explained, this Court was *directly* presented with plaintiff's arguments, twice in *Rudd I*, and once in *Rudd II*; however, it is unclear whether the panel's decisions were made on the merits of this case because the panel implicitly denied plaintiff's request without explanation. Because this argument was never specifically and clearly addressed in the panel's opinions and orders, we conclude that the law of the case doctrine does not preclude consideration of this issue on appeal. *Rott*, 508 Mich at 287.

Likewise, because it is unclear whether this issue has never been decided on the merits, plaintiff's request for need-based fees under MCR 3.206(D)(2)(a) is not precluded by the doctrine of collateral estoppel. The doctrine of collateral estoppel applies when "(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008). Likewise, this issue is not precluded by res judicata, which "operates merely to preclude similar claims raised in a *subsequent* lawsuit," because the current proceedings are part of a continuous action, not a separate lawsuit. *Vandenberg v Vandenberg*, 253 Mich App 658, 663; 660 NW2d 341 (2002),

Whether an award of need-based fees is precluded by the passage of time presents a closer question. Under MCR 3.206(D)(1), a party in a divorce action may seek attorney fees from the other party "at any time." But, in *Colen v Colen*, 331 Mich App 295, 305; 952 NW2d 558 (2020), this Court concluded that "a motion for attorney fees under MCR 3.206(D) must be brought within a reasonable time after the fees sought were incurred and that what constitutes a reasonable time depends on the particular facts and circumstances of each case." In *Colen*, 331 Mich App at 297, the plaintiff was awarded attorney fees incurred up to February 9, 2015, in litigating various support, property, custody, and parenting time issues. In April 2016, the trial court entered an order resolving the parties' parenting-time dispute, but did not address attorney fees. *Id*. at 297-298. Almost two years later, the plaintiff filed a motion regarding child support issues and

requested attorney fees incurred between February 10, 2015 and November 2, 2017. *Id*. at 298. The trial court denied her request, reasoning that the "request was untimely because she had waited more than two years before pursuing the attorney fees related to the parenting-time motions that had already been resolved." *Id*. at 299.

On appeal, this Court acknowledged that MCR3.206(D)(1) includes no explicit time limitation. *Id*. at 301. But, this Court examined "decisions of this Court involving statutes that do not include express time limits for a party to seek the relief provided for by the statute," before concluding that a motion "under MCR 3.206(D) must be brought within a reasonable time after the fees sought were incurred and that what constitutes a reasonable time depends on the particular facts and circumstances of each case." *Id*. at 302, 304. This Court explained that a trial court's decision to deny a request for attorney fees on the ground that the motion was untimely is within the court's inherent authority to impose appropriate sanctions and to manage its own caseload. *Id*. at 304. Observing that the plaintiff took no action for two years to recover fees for the period in question, this Court affirmed the trial court's decision, reasoning that the "motion was not brought within a reasonable time after the attorney fees at issue were incurred, and the trial court did not abuse its discretion by determining that the motion was untimely." *Id*. at 305.

In this case, plaintiff made several references to need-based attorney fees under MCR 3.206, but argued primarily for an award of fees on the basis of defendant's alleged misconduct in the litigation. An explicit request for need-based attorney fees under MCR 3.206(C)(2)(a) appeared in plaintiff's: July 2017 motion, appeal to this Court in *Rudd I*, and motion for reconsideration in *Rudd II*. Plaintiff's current motion for need-based attorney fees was filed in February 2020. Two weeks later, plaintiff moved to disqualify the trial court judge, for reasons including that the judge had been "aware that Plaintiff could not afford representation since September of 2015 (at the latest), but has consistently refused to issue a ruling or even consider the request." This motion was left pending for more than two years before the trial court granted it. This case was finally reassigned to the current judge in January 2023. Shortly after this reassignment, the trial court entered an order scheduling a hearing on child support, stating that a separate hearing would be held on plaintiff's request for attorney fees. This issue was decided after a hearing in August 2023, with entry of the order denying plaintiff's motion in October 2023.

Considering the unusual facts and circumstances of this case, including that plaintiff's earlier request for need-based fees and expenses had never been explicitly addressed, and that the trial court delayed a decision on plaintiff's motion for disqualification for over two years, we conclude that consideration of plaintiff's motion was also not precluded by the passage of time.

## B. EVIDENTIARY HEARING

On appeal, plaintiff argues that the trial court erred by failing to conduct an evidentiary hearing on his motion for need-based attorney fees and expenses under MCR 3.206(D)(2)(a). We disagree.

"This Court's basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v Nantkwest, Inc*, 589 US 23, 28; 140 S Ct 365; 205 L Ed 2d 304 (2019) (quotation marks and citations omitted). An award of attorney

fees under MCR 3.206(D)(2)(a) is authorized "only as necessary to enable a party to prosecute or defend a suit." *Skaates*, 333 Mich App at 85 (quotation marks and citation omitted). "The party requesting the attorney fees has the burden of showing facts sufficient to justify the award." *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007). "With respect to a party's ability to prosecute or defend a divorce action, a party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support." *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010) (quotation marks and citation omitted). "Further, a party sufficiently demonstrates an inability to pay attorney fees when that party's yearly income is less than the amount owed in attorney fees." *Id*. The trial court must consider the "specific financial situations of the parties and the equities involved." *Loutts*, 309 Mich App at 218 (quotation marks and citation omitted). When a request for attorney fees is contested, "it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). But, "there is no error in failing to conduct an evidentiary hearing if the parties created a sufficient record to review the issue, and the court fully explained the reasons for its decision." *Cassidy v Cassidy*, 318 Mich App 463, 488; 899 NW2d 65 (2017) (quotation marks and citation omitted).

In this case, the trial court reviewed the extensive history of this contentious divorce litigation and concluded that it had "adequate information to determine litigation costs and attorney fees." This information included the record of proceedings before the predecessor judge and this Court, as well as the April 2023 evidentiary hearing on plaintiff's motion to modify child support. The trial court explained that the reason for this review was

> to show that the Court has received extensive financial information from both parties, to show that the Court has deeply analyzed the parties' financial status using case law, statute, court rule and [Michigan Child Support Formula] guidelines and also to highlight that neither party objected to or appealed the court's findings as to the parties' financial information or imputed income.

The trial court acknowledged the factors to be considered under *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982), and the Michigan Rules of Professional Conduct (MRPC) 1.5(a), when determining whether to award attorney fees under MCR 3.206(D)(2)(a), but the trial court did not apply those factors to plaintiff's motion, noting that "[t]he reasonableness of the attorney fees analysis has been done by the trial court during the remand hearing" in January 2019, and concluding that "there are satisfactory facts and foundational evidence provided to the Court to determine the amount of fees and their reasonableness." Indeed, plaintiff himself admits on appeal that "[t]he record is brimming over with factual evidence of the hardships that Plaintiff and the children experienced."

In any event, the trial court's decision was not premised on the hours billed or rates charged by plaintiff's attorneys between 2013 and 2016. Rather, as noted, the trial court denied plaintiff's request for attorney fees because the fees "incurred included multiple other issues other than litigating the matters of custody, parenting time and child support," and because "it does not appear that Plaintiff Father was deterred from fully litigating matters that arose post judgment." The trial court further denied plaintiff's request for an evidentiary hearing on the issue because it found that plaintiff had "not provided the court with facts that meet the threshold standard of showing he is

unable to bear the costs of litigation and attorney fees *and* that the Defendant Mother is able to pay these costs and fees."

We agree with the trial court that the existing record was sufficient to allow the court to decide the issue of attorney fees and expenses under MCR 3.206(C)(2)(a), and therefore conclude that the court did not abuse its discretion by declining to conduct yet another evidentiary hearing. Plaintiff is not entitled to attorney fees just because this case has been a lengthy and drawn out ordeal. See *Peter*, 589 US at 28.

On appeal, plaintiff, relying on *Myland* and *Colen*, contends that whether he was unable to pay attorney fees, while defendant had the ability to do so, could only be determined after an evidentiary hearing. But, in *Myland*, this Court did not rule that an evidentiary hearing was necessary. Rather, this Court concluded that the trial court had erred by failing to consider whether an award of fees under MCR 3.206(C)(2)(a) was appropriate, explaining that "[i]t was incumbent upon the trial court to consider whether attorney fees were necessary for plaintiff to defend her suit . . . ." *Myland*, 290 Mich App at 703. Likewise, in *Colen*, 331 Mich App at 309, this Court observed that the trial court did not make factual findings regarding the plaintiff's current ability to bear the costs of litigation, which was a factual issue "that should first be addressed by the trial court." In both cases, the error lay in the trial court's failure to consider the issue or make factual findings, not the failure to hold an evidentiary hearing.

Plaintiff also argues that the trial court was required to analyze his motion under the following framework, stated in *Smith*, 481 Mich at 522:

> We take this opportunity to clarify that the trial court should begin the process of calculating a reasonable attorney fee by determining factor 3 under MRPC 1.5(a), i.e., the reasonable hourly or daily rate customarily charged in the locality for similar legal services, using reliable surveys or other credible evidence. This number should be multiplied by the reasonable number of hours expended. This will lead to a more objective analysis. After this, the court may consider making adjustments up or down in light of the other factors listed in *Wood* and MRPC 1.5(a). In order to aid appellate review, the court should briefly indicate its view of each of the factors.

In plaintiff's view, the moving party must submit detailed billing records, which the trial court must examine and the opposing party may contest. Plaintiff contends that reversal is required because he "was given no opportunity to present arguments, offer explanations, cite to the record or 'present any countervailing evidence' at all."

We conclude that, under the facts of this case, the trial court was not required to adhere to the *Smith* framework. First, the trial court concluded that plaintiff was not entitled to attorney fees and expenses because he failed to establish that he was unable to bear the costs of litigation and that defendant was able to pay his costs, therefore negating any need for a detailed analysis of the costs and fees incurred. In addition, because the reasonableness of the fees was the subject of the hearing on remand from this Court's decision in *Rudd I*, the evidence necessary to make that determination was already a matter of record. Moreover, in his motion for reconsideration in this Court, plaintiff admitted that defendant had not raised any specific concerns regarding the fees he

requested from August 2014 through January 2016, and, at the August 2023 hearing on his motion, plaintiff acknowledged that the amount of fees had already been provided and that the parties had stipulated to the reasonableness of the hourly rate.

Finally, plaintiff contends that he was denied the opportunity to present argument or evidence. But, the record belies this claim, as plaintiff had numerous opportunities to present evidence and arguments on this issue.

## IV. CONCLUSION

Because the trial court record was sufficient to determine whether to award plaintiff attorney fees and expenses under MCR 3.206(D)(2)(a), the trial court did not abuse its discretion by denying plaintiff's motion for need-based attorney fees or an evidentiary hearing.

Affirmed.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney