*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE ANN MILLMAN,

Plaintiff-Appellee,

v

ANDREW LEE MILLMAN,

Defendant-Appellant.

UNPUBLISHED
May 14, 2026
9:31 AM

No. 372824
Oakland Circuit Court
LC No. 2018-868824-DM

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted the Oakland Circuit Court's order directing him to pay plaintiff's attorney fees in the amount of $44,591.96 after he was found in civil contempt for failure to pay child support. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant were married in July 2001, and they had three children during their marriage. In December 2018, plaintiff filed an action for divorce, which resulted in the trial court entering a judgment of divorce in April 2021. The judgment of divorce ordered defendant to pay child support, the amount of which was determined in a uniform child support order in June 2021.

In July 2022, defendant was arraigned on a bench warrant for nonpayment of child support. After a hearing on an order to show cause, the trial court found that "[d]efendant's obligation to pay child support is in arrears in the amount of $51,492.45 as of September 14, 2022 and that [defendant] is in contempt of court for his failure to pay it in accordance with the prior orders of this Court." The order of contempt stated that the trial court would hold an evidentiary hearing to determine defendant's ability to pay the arrears as a lump-sum payment and reserved the issue of

-1-

attorney fees for further determination. Both this Court and our Supreme Court denied defendant's applications for leave to appeal that order of contempt.[1]

During the evidentiary hearing, plaintiff requested that defendant pay "all of [plaintiff]'s actual attorney fees incurred as a result of [defendant]'s wilful disregard for the orders of this Court." The trial court took the matter under advisement, and on February 2, 2024, it issued an opinion and order finding that defendant had the ability to pay the arrearages by a lump sum and holding that defendant's payment of plaintiff's attorney fees was appropriate under both MCL 600.1721 and MCR 3.206(D)(2)(b). It ordered plaintiff to submit a bill of particulars limited to the nonpayment of support within seven days of the order, and defendant had seven days to object to the bill of particulars.

Plaintiff timely submitted her bill of particulars, which established that plaintiff's attorney fees associated with the litigation regarding defendant's ability to pay his child support arrearages totaled $44,591.96. Defendant never filed an objection to that bill of particulars. On February 28, 2024, the trial court entered a written order requiring defendant to pay the sum of $44,591.96 to plaintiff's counsel. Defendant filed a motion to reconsider that order, arguing that it was a "crushing financial burden" for defendant and that the trial court overemphasized the amount of financial support that defendant received from his parents. The trial court denied the motion in a written order *nunc pro tunc* to April 10, 2024. This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

"[A]s a general rule, an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court. Michigan generally follows the 'raise or waive' rule of appellate review. Under the 'raise or waive' rule, if a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Sav-Time, Inc v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 370459); slip op at 10 (quotation marks, citations, and brackets omitted). Defendant failed to object to plaintiff's bill of particulars or otherwise challenge the trial court's award of attorney fees until he filed a motion for reconsideration. Therefore, he has waived any challenge to that award by failing to properly preserve the issue. "However, we exercise our discretion to overlook the preservation requirements in this case because the matter involves a question of law and the facts necessary for its resolution have been presented." *Id*. (quotation marks and citation omitted).

"We review a trial court's grant or denial of attorney fees for an abuse of discretion. Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Reed v Reed*, 265 Mich App 131, 164; 639 NW2d 825 (2005) (citations omitted).

---

[1] *Millman v Millman*, unpublished order of the Court of Appeals, entered June 8, 2023 (Docket No. 365234); *Millman v Millman*, 513 Mich 888 (2023).

## III. ANALYSIS

Generally, the parties in a domestic relations action each pay their own attorney fees unless a statute or court rule provides otherwise. *Id*. Under MCR 3.206(D), a trial court may award attorney fees under certain circumstances:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that

> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

This rule "provides two independent bases for awarding attorney fees and expenses. Subrule (D)(2)(a) allows payment of attorney fees based on one party's inability to pay and the other party's ability to do so, while Subrule (D)(2)(b) considers only a party's behavior, *without reference to the ability to pay*." *Colen v Colen*, 331 Mich App 295, 305-306; 952 NW2d 558 (2020) (quotation marks and citations omitted). The purpose of Subrule (D)(2)(b) is to "shift the costs associated with wrongful conduct to the party engaging in the improper behavior," so if a party requests only the attorney fees associated with the other party's refusal to comply with a court order, then the other party's ability to pay those attorney fees is irrelevant. *Richards v Richards*, 310 Mich App 683, 701-702; 874 NW2d 704 (2015) (quotation marks and citation omitted).

The trial court correctly determined that plaintiff was entitled to attorney fees under MCR 3.206(D)(2)(b). Defendant does not dispute that he violated the court's child support order. The trial court found him in contempt for nonpayment and determined after a three-day evidentiary hearing that defendant had the ability to pay his arrears in a lump sum. Defendant has exhausted his appellate remedies on the order of contempt, and he does not challenge the results of the evidentiary hearing aside from the award of attorney fees. The trial court also specifically limited its award of attorney fees to only those fees associated with defendant's nonpayment of support. Plaintiff's bill of particulars appears to follow that limitation, and defendant never objected on the basis that the requested fees were not incurred because of his noncompliance with the child support order. Because the requirements of Subrule (D)(2)(b) were clearly satisfied,[2] the trial court did

---

[2] Because the order to pay attorney fees was proper under MCR 3.206(D)(2)(b), we do not address whether the order was required under MCL 600.1721 ("If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him . . . .").

not need to consider whether defendant could bear the cost of plaintiff's attorney fees under Subrule (D)(2)(a). Accordingly, we do not reach the issue whether it is proper to consider the financial resources of a party's family when determining that party's ability to pay attorney fees.[3]

Defendant also argues that the trial court abused its discretion because it failed to conduct an evidentiary hearing to determine whether the amount of attorney fees was reasonable. "Generally, a trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed. However, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002) (citation omitted). But defendant never requested an evidentiary hearing in the trial court, and he never filed an objection to plaintiff's bill of particulars. Even in his motion for reconsideration, defendant only argued that the fees created an undue financial hardship, not that the amount awarded was an unreasonable estimate of plaintiff's costs. Therefore, defendant has abandoned this issue. See *Cassidy v Cassidy*, 318 Mich App 463, 487-488; 899 NW2d 65 (2017) (holding that the issue whether the trial court should have conducted an evidentiary hearing "could be deemed abandoned" because the defendant failed to contest the plaintiff's affidavits and billings).[4]

Because an award of attorney fees was justified under MCR 3.206(D)(2)(b), and because defendant did not dispute the requested amount, we hold that the trial court did not abuse its discretion when it ordered defendant, without an evidentiary hearing, to pay $44,591.96 of plaintiff's attorney fees for his refusal to comply with the child support order. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[3] We also note that in the opinion and order following the evidentiary hearing, the trial court's consideration of the financial assistance that defendant received from his family was limited to its discussion of defendant's ability to pay *child support*, not attorney fees.

[4] In any event, plaintiff's affidavit, contract for legal services, and billing statement provided the trial court sufficient information to determine that the requested fees were reasonable before it ordered defendant to pay them. Those uncontested filings established her attorneys' experience, the factors that they consider when charging fees, the hourly rates for attorneys and support staff, and an itemized list of completed services with their associated time and cost.